Gary SCOBIE, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A–16117.

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Milton Keen and Max Moulton, Oklahoma City, for petitioner.

Atty. Gen., Jack Pratt, Asst. Atty. Gen., for respondent.

NIX, Judge:

This is an original proceeding for a writ of habeas corpus by the petitioner, Gary Scobie, who is presently serving a twenty-five year term of imprisonment on a conviction in the District Court of Tulsa County for the crime of Uttering a Forged Instrument After Former Conviction of a Felony, Case No. 19941. Petitioner contests the legality of the second stage of the proceedings in which he was found to have former felony convictions supporting the enhancement of punishment under 21 O.S. Supp.1970, § 51. The substance of petitioner's claim is that the two former felony convictions introduced in the second stage of the proceedings did not reflect representation by counsel and are therefore inadmissible under the rule laid down by the United States Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L. Ed.2d 319.

The two former felony convictions introduced in the second stage of the proceedings were defendant's conviction in the District Court of Tulsa County, Case No. 17407, for Attempted Burglary; and his conviction in the District Court of Tulsa County, Case No. 18122, for Burglary Second Degree After Former Conviction of a Felony. It is true that the judgment and sentence instrument in both of these cases fails to disclose that the petitioner was represented by counsel. However, the appearance docket in Case No. 17407 indicates that the petitioner was represented at arraignment by an attorney named Woodson and at his trial by an attorney named McGahey. The appearance docket in Case No. 18122 shows that the petitioner was represented by an attorney named Pope at the time that he entered his plea on September 11, 1959, and at the time that he was sentenced on said plea on September 15, 1959. We find that the appearance docket is competent evidence when properly certified to determine whether or not a defendant was represented by counsel. Accordingly, we conclude that competent evidence refutes the claim of the petitioner that his former felony convictions were constitutionally defective due to the absence of counsel.

We feel that the rule of Burgett v. Texas, supra, serves a valid purpose to protect an accused from further aggravation due to a prior injustice. However, the *Burgett* rule can only be employed where there was a genuine injustice. The test is whether or not competent evidence shows the defendant had counsel, not merely whether such representation is reflected upon the face of the judgment and sentence instrument.

Writ denied.

BUSSEY, P. J., and BRETT, J., concur.