**Marvin L. SMITH, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15387.**

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

W. D. Hart, Pauls Valley, for plaintiff in error.

G. F. Blankenship, Atty. Gen., Jack Pratt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Marvin L. Smith, hereinafter referred to as the defendant, was charged by information in the District Court of Garvin County with the crime of Rape in the First Degree, after former conviction of a felony. He was tried before a jury, found guilty of Rape in the Second Degree, and sentenced to Five Years in the penitentiary. The defendant timely lodged his appeal in this Court asserting numerous as-signments of error. He first contends that the jury panel was selected wholly from the ad valorem tax rolls, including both real and personal property and intangible tax rolls. Defendant contends this amounted to economic discrimination against the defendant in violation of the Fourteenth Amendment to the Constitution of the United States; that people within the economic status of defendant were systematically excluded. This is not a new question of law before this Court, but was passed on adversely to defendant's contention in 1955. A very thorough dissertation of the subject is to be found in the case of Acuff v. State, Okl.Cr., 283 P.2d 856 (1955). As the Court is now constituted, it feels that said decision is based upon sound reasoning and is hereby quoted with approval. Also see, Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947).

In view of previous authorities and rulings of this Court, further discussion of this assignment of error is unnecessary. However, we feel compelled to point out the merit of two other assignments made conspicuous by a review of the record.

To establish the alleged former conviction, the defendant (State) presented testimony from Elden L. Michael, Court Clerk. Mr. Michael had in his possession the Criminal Court Dockets of the District Court of Garvin County. It reflected that a Marvin Smith, Jr., was convicted of the crime of Grand Larceny upon a plea of guilty on March 23, 1954. A copy of the commitment was introduced into the trial over objections of the defendant. A former conviction cannot be the basis for charging the defendant with a crime "after a former conviction of a felony" unless it shows that defendant either was represented by counsel or validly waived one. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the states by virtue of the Fourteenth Amendment, making it unconstitutional to try a person for a felony in a

state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. See, Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L.Ed.2d 650. Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L. Ed.2d 41. In Burgett v. Texas, 389 U.S. 109, pages 114–115, 88 S.Ct. 258, pages 261–262, 19 L.Ed.2d 319, page 324, there is found the following language:

"In this case the certified records of the Tennessee conviction on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceeding, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70. To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case."

It appears to be well settled by the Supreme Court that this rationale of the law is applicable to the states under the Fourteenth Amendment. In the case at bar, the record is absolutely silent as to whether or not defendant was represented by counsel on the previous conviction, therefore, it did not meet the standards of the Supreme Court as enunciated in Burgett v. Texas, supra; and therefore cannot be used as a basis for a former conviction to enhance punishment, and was wholly impermissible.

Therefore, the Court is compelled to state that the former conviction was never properly proven and we must judge the case as a conviction for only the primary crime of Rape Second Degree.

■ The defendant further contends that the trial court erred in giving instruction number four, which is known as the "credit for good time statute." 57 O.S. Supp.1969, § 138. This statute recites the amount of good time used in computing an inmates sentence and the time credits he acquires for working, giving blood, and not violating any rules of the prison, etc. This Court held said statute unconstitutional, and it is most assuredly improper to recite said statute as an instruction to the jury. This Court has repeatedly held that it can cause a jury to give a higher grade of punishment, and has modified every case under the same set of facts.

The testimony which we do not deem necessary to recite is not of an aggravated nature, therefore as a result of the errors discussed heretofore, we feel that justice would be best served by modification of said sentence from Five (5) to Two (2) Years in the penitentiary, and otherwise affirmed.

Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.