John William CHESTER, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15654.

Court of Criminal Appeals of Oklahoma.

June 2, 1971.

Baumert & Cornish, McAlester, for plaintiff in error.

Larry Derryberry, Atty. Gen., Larry French, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, John William Chester, Jr., hereinafter referred to as defendant, was charged by information with Escape, After Former Conviction of a Felony, in the District Court of Pittsburg County, Case No. CRF-69-77. Defendant was found guilty of Escape, although not on the 'after former' charge, by jury verdict and sentenced to a term of Two to Seven years. Judgment and sentence was imposed on September 22, 1969, and this appeal perfected therefrom.

Specifically, it was charged that while a trusty defendant escaped from the Oklahoma State Penitentiary where he was sentenced upon conviction of Manslaughter in the First Degree, After Former Convic-

tion of a Felony. The information was in two pages, the second charging defendant's former felony convictions for Assault and Battery with Intent to Kill in Blaine County; Second Degree Robbery from Caddo County; and the Manslaughter conviction from Caddo County, under which defendant was then confined.

The evidence establishes defendant, while a trusty, was found to be absent from the noon hour roll call. Defendant admitted his absence, and that he departed lawful custody because he was in fear of his life over a money debt to another inmate. It was discovered defendant left custody without permission on May 4th, and after a four day search on May 8th, he was found in Calvin, Oklahoma. Defendant had dyed his prison white uniform a bluish-purple. There is no evidence defendant turned himself in or intended to do so.

It is defendant's first contention that the evidence establishes he was put in fear of his life as indicated by his attempt to be returned to the main penitentiary before his "departure" from penitentiary custody, and therefore he should have been acquitted. Defendant raised the defense of involuntary escape or escape under duress and on appeal cites in support People v. Webster, 45 Cal.Rptr. 114 (Cal.App.1965). That case in considering a defense of involuntary escape because of the prisoner's fear for his life held:

"While the contemplation of such an eventuality strains the imagination, such a situation might possibly arise; but, if so, the prisoner who was thus escaping against his will would owe a duty to use reasonable efforts to render himself again into the custody of the law enforcement agency at the first available opportunity. The instruction states good law; it was properly given in the circumstances."

We observe that the instruction used in People v. Wester, supra, at page 117, would be appropriate under a proper fact situation.

However, in the instant case, there is no evidence defendant attempted to return to lawful custody after his "departure" from custody. There is testimony from other witnesses that defendant was in need of money and wanted a transfer to another part of the institution. But there is no evidence defendant informed proper officials that he was in danger, nor evidence that he was prevented from such a communication. We therefore reject defendant's contention that the evidence required a verdict of acquittal.

■ We next consider whether it was proper to charge defendant with having former felony convictions to enhance punishment under the habitual criminal statute, 21 O.S.Supp.1970, § 51. The crime with which defendant was charged was Escape from the penitentiary, under 21 O.S. 1961, § 443, which provides:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment in such prison for a term of not less than two (2) years or more than seven (7) years."

The statutory language "sentenced thereto" is significant since it obviously refers to inmates sentenced to the penitentiary because of a felony conviction which is the only legal way to be sentenced thereto. Thus, Escape from the Penitentiary is necessarily 'after a felony conviction'. The former felony is implicit in the offense. Even the information charged defendant escaped from the penitentiary where he was serving a term for a felony conviction. To allow prosecution and enhancement of punishment under § 51 is to add to the maximum punishment allowable under § 443 for Escape from the Penitentiary.

■ We therefore hold it is improper to charge 'after former conviction of a felony' under the habitual criminal statute, 21 O.S. Supp.1970, § 51, when charging an accused with the crime of escape from the

penitentiary as provided in 21 O.S.1961, § 443.

In the instant case, although defendant was charged 'after former conviction' and the trial conducted in a two-stage proceeding for that purpose, the jury did not find him guilty of the 'after former' charge and sentenced defendant under the terms of § 443. For that reason, the improper charge under § 51 is not reversible error, but should be considered for its prejudicial effect and as a basis for modification.

■ Next, we consider defendant's contention the former felonies were unlawfully admitted. It is a well established federal constitutional requirement that every criminal defendant has the right to counsel and counsel must be furnished if defendant is without financial resources to secure his own counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. Furthermore, as held in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967):

"To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case." 389 U.S. at 115, 88 S.Ct. at 262.

In the instant case, defendant's former felony convictions were admitted over objection during his cross-examination in the first stage of the trial and as direct evidence in the second stage on the charge of 'after former felony conviction'. Thus, if defendant's former convictions were constitutionally defective, they were inadmissible either to enhance punishment or to support guilt during the first stage of the trial on cross-examination.

In Smith v. State, Okl.Cr., 483 P.2d 357 (1971), this Court held:

"* * * the record is absolutely silent as to whether or not defendant was represented by counsel on the previous conviction, therefore, it did not meet the standards of the Supreme Court as enun-

ciated in Burgett v. Texas, supra; and therefore cannot be used as a basis for a former conviction to enhance punishment, and was wholly impermissible." 483 P.2d, at 359.

However, that is not to say that mere absence in the judgment and sentence instrument of recitation that defendant had counsel renders inadmissible a former conviction.

As stated in Scobie v. Page, Okl.Cr., 481 P.2d 781 (1971):

"The test is whether or not competent evidence shows the defendant had counsel, not merely whether such representation is reflected upon the face of the judgment and sentence instrument."

In *Scobie* the state proved the defendant was represented by counsel through use of the appearance docket which was uncontested as to accuracy. This was held to be competent evidence.

However, in the instant case, the state has offered no evidence whatsoever that defendant was represented by counsel in any of his former convictions admitted into evidence during cross-examination or in the second stage of the trial to prove the former conviction charge. Generally, such proof should be offered at the trial, but such evidence might be acceptable and determinable when presented on appeal as in the *Scobie* case. But in the instant case, such proof was not offered at the trial or on appeal and we cannot presume representation from a silent record. Carnely v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

We therefore hold that admission of defendant's former convictions on cross-examination and to prove the charge of former felony conviction was error which under the facts herein requires modification of the sentence imposed.

■ Furthermore, it was error to instruct the jury on prison "good time credits", 57 O.S.Supp.1968, § 138. However, giving such an instruction in the second stage of a two-stage trial is grounds for

modification, not reversal. Williams v. State, Okl.Cr., 461 P.2d 997 (1969).

Upon finding the evidence supports a verdict of guilty, but because of the errors requiring modification, the sentence is ·hereby Modified to a term of Two (2) Years imprisonment. As so Modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT, J., concurs.

BUSSEY, P. J., concurs in result.