**James L. BRAWDY, and Nelson E. Thompson, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. F–78–416, F–78–417.**

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1979.

Warren K. Miller, Norman, for appellants.

Larry Derryberry, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

James L. Brawdy and Nelson E. Thompson, hereinafter referred to as defendants, were charged by informations with the crime of Escape from Penal Institution, in violation of 21 O.S.1971, § 443, in Case No. CRF–77–515 and Case No. CRF–77–516, respectively. The defendants were tried jointly in the District Court, Cleveland County, on January 1, 1978, the Honorable Alan J. Couch, presiding. The jury returned a verdict of guilty for both defendants, and each defendant was sentenced to two (2) years under the direction of the Department of Corrections. From said judgments and sentences, the defendants have perfected timely appeals to this Court, which we have combined in this opinion since each appeal alleges the same assignments of error.

At trial, the State introduced evidence to show that defendant Brawdy was serving a five year sentence entered November 29, 1976, after a plea of guilty to the offense of Burglary, Second Degree, in the District Court, Osage County, Case No. CRF–76–502. Defendant Thompson was serving a five year sentence with two years suspended, entered May 2, 1977, after a plea of guilty to the offense of Robbery With Firearms, Second Degree, in the District Court, Comanche County, Case No. CRF–76–871. Thompson was received by the Lexington Regional Treatment Center in May, 1977, and Brawdy in September, 1977.

■ The defendants' first assignment of error is that the trial court erred in overruling the defendants' demurrer to the evidence. We disagree. The defendants stipulated as to the admissibility of the certified copy of the judgment and sentence of the District Court ordering the incarceration of each defendant and to the admissibility of the reception sheet of the Lexington Regional Treatment Center, used to verify the judgment and sentence with each defendant. Also, the orientation sheet signed by each defendant acknowledging that he knew and understood the rules, regulations and boundaries of the institution, were introduced into evidence by the State without objection. The institution's Classification and Records Officer, J. B. McMakin, identified the defendants as inmates of the center whose sentences were unsatisfied on November 1, 1977. Corrections Officer Bob Anderson identified the defendants and stated he was present at the orientation and each signed his respective orientation sheet. Officials of the institution testified that neither defendant had permission to leave the boundaries of the institution on November 1, 1977. Finally there was the testimony of Bob Jones concerning the arrest of the defendants in the early morning of the next day at a location approximately three and one-half miles beyond the boundaries of the Center. We find that the trial court properly overruled the demurrer of the defendants and that the assignment of error is without merit. Nichols v. State, Okl.Cr., 564 P.2d 667 (1977); McCoy v. State, Okl.Cr., 536 P.2d 1309 (1975).

The defendants' second assignment of error is that the trial court erred in refusing to give requested instruction number 8. The requested instruction reads as follows:

"You and each of you are hereby instructed that the Defendant is charged with the crime of escape from an Oklahoma penal institution. In that regard, if you find the Defendant left the penal institution in fear of immediate bodily injury or under the threat of death, then you must return a verdict of not guilty."

The requested instruction raises the defense of involuntary escape, also referred to as the defense of duress, to the defendants' crime of escape. We have considered the same defense in a series of cases and have uniformly rejected its applicability under the facts presented therein. *Nichols v. State*, supra, defendant reported homosexual activity of other inmates to corrections officials. Defendant fled custody one day after receiving threats from other inmates and was apprehended ten miles from the institution after first attempting to run upon seeing arresting officer, *Jones v. State*, Okl.Cr., 556 P.2d 1060 (1976), defendant-inmate cooperated with prison authorities in locating weapons of some other inmates. Defendant fled the evening of the day he was accosted by inmates with knives who threatened they would " 'take care of this right after the count'." *Grubb v. State*, Okl.Cr., 533 P.2d 988 (1975), defendant-inmate was threatened for his refusal to participate in prison riot. Defendant left prison one week after alleged threats and was arrested in Pecos, Texas. *Chester v. State*, Okl.Cr., 485 P.2d 1065 (1971), defendant was in fear of his life for money debt owed to another inmate. Defendant was found four days after escape, in Calvin, Oklahoma, with his prison white uniform dyed a bluish-purple.

Turning to the case at bar, we likewise find the defense of involuntary escape to be inapplicable. There was no evidence presented by the defense to indicate that at the time of the escape the defendants were in imminent danger and that they intended to return to lawful custody at the first opportunity, *Nichols v. State*, supra. Nor was there evidence the defendants informed the proper officials they were in danger or that they were prevented from making such a communication, *Chester v. State*, supra.

In *Grubb v. State*, supra, we approved the following instruction given by the trial court:

" 'You are instructed that it is no defense to a charge of ESCAPE that the prisoner feared violence from third persons, and you shall not consider such evidence as a defense or in mitigation of punishment.' " 533 P.2d at 990

This same instruction was quoted with approval under the factual situation presented in *Jones v. State*, supra.

In *Nichols v. State*, supra, the defendant cited in support of his requested instruction on involuntary escape, *People v. Wester*, Cal.App., 45 Cal.Rptr. 114 (1965), wherein the court gave such an instruction.[1] We observed in *Nichols*:

"This instruction was discussed by this Court in *Chester v. State*, Okl.Cr., 485 P.2d 1065 (1971), which held 'the instruction used in *People v. Wester*, supra, [45 Cal.Rptr.] at page 117, would be appropriate under a proper fact situation;' but that, as stated in *People v. Wester*, supra,

1. " 'If an inmate has departed the limits of his custody while influenced so to do by threats or menaces which create in his mind a fear of imminent and immediate danger and which are sufficient to show that he had reasonable cause to believe that his life will then and there be endangered if he refuses to so depart from the limits of his custody, and if he then believes that his life will be so endangered, he does not commit the crime of escape by such departure.

" 'By the same token, his voluntary departure does not free him from legal custody and he is at all times while acting under such influence, a prisoner, in contemplation of the law.

" 'If, however, the threats or menaces are removed and he is no longer under such influences to the end that he no longer believes that his life is then imminently and immediately endangered, a further, continued, wilful and intentional departure from the limits of custody by him will constitute the crime of escape.' "

'the contemplation of such an eventuality strains the imagination, . . .'"

We have reviewed cases from other jurisdictions which held the defense of duress or involuntary escape proper under the particular factual situation, and find that each is distinguishable from the case at bar. *People v. Unger*, 66 Ill.2d 333, 5 Ill.Dec. 848, 362 N.E.2d 319 (1977); *People v. Lovercamp*, 43 Cal.App.3d 823, 118 Cal.Rptr. 110 (1974); *People v. Harmon*, 53 Mich.App. 482, 220 N.W.2d 212 (1974). And we have carefully examined the court's instructions and find that as a whole they fairly and fully present the issues involved.

We are, therefore, of the opinion that as to each defendant the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur.