**Bobby Dean MORRIS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–78–695.**

Court of Criminal Appeals of Oklahoma.

March 11, 1980.

Paul D. Brunton, Pete Silva, Jr., James Wallace, and Frank A. Zeigler, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., David W. Lee, Asst. Atty. Gen., Jennie L. McLean, Legal Intern, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellant, Bobby Dean Morris, appeals from a conviction of Murder in the First Degree in the District Court of Tulsa County, Oklahoma, Case No. CRF–77–1492. A jury trial was waived on punishment, and the court imposed a life sentence.

The homicide arose out of two altercations involving the intoxicated appellant and scuffling patrons in a Tulsa tavern, the Magician's Theater, on the night of June 14, 1977. In the first disturbance a fruit knife was forcibly removed from the appellant's hand, and he was expelled from the premises. He was described as "wild, jumping around and acting crazy."

Within minutes the appellant reentered the club. The testimony is conflicting as to whether the appellant was brandishing a knife at that time and whether the appellant initiated the tavern brawl. One witness testified that an Indian male, Larry Tiger, struck the appellant, knocking him into tables and chairs. Other testimony shows that at one point the appellant made

threats to Tiger, then lunged at him, and they went to the ground. The ensuing fight involved a dozen or more people, including Tiger, piled on top of the appellant.

During this general state of confusion, a former tavern employee claimed to have seen the appellant stab Tiger. The appellant was dragged from the club by patrons, and Larry Tiger was later found in the parking lot with fatal knife wounds. Upon learning that he was sought by the police, the appellant turned himself over to the authorities.

The appellant's testimony reflects a clouded recollection of the above events, due to his intoxication and the beating. He did recall being knocked over tables and admitted drawing his pocket knife to stop several larger men from beating him, but denied the stabbing.

Raised on appeal are questions involving malice aforethought, admissibility of convictions for impeachment, and the trial court's overruling of the appellant's motion for a directed verdict of acquittal.

I

The first question is whether the facts and circumstances surrounding the appellant's stabbing of Larry Tiger were sufficient to establish malice aforethought. The appellant argues that the judgment and sentence for First Degree Murder should be reversed and remanded for a new trial or, in the alternative, modified to a term within the statutory provisions for Manslaughter.

We would point out that the appellant was charged with Murder in the First Degree pursuant to 21 O.S.Supp.1976, § 701.-7A,[1] rather than the Murder statute quoted in the appellant's brief, which has been repealed. The relevant definition of malice aforethought found in 21 O.S.Supp.1976,

§ 701.7A, requires *"deliberate intention* unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." (Emphasis added)

▮ After an exhaustive review of the facts and the relevant authority, we are forced to reject the appellant's argument. We base this rejection on the following: First, although the record indicates that the appellant was under the influence of the drug Tuanol combined with alcohol, he was described by witnesses as "energetic" and "too fast to be really drunk." Second, the appellant, who had been expelled from the tavern and had his knife removed from his person, returned to the premises minutes later with another knife. Third, upon reentry, the record indicates, the appellant threatened to kill two men at the first table in the club, including the victim, saying, "I am going to kill you, you son of a bitch."

Moreover, the question of whether the appellant's intoxication was so great as to preclude the necessary malice aforethought to support a murder charge was presented to the jury under Instruction No. 10. The jury was also correctly instructed on the elements of both first and second degree murder and first degree manslaughter. We hold the circumstances were sufficient to support the finding of malice aforethought and find no basis to overturn the jury's finding on that issue.

II

The next issue for determination is whether the trial court erred in overruling the appellant's motion for directed verdict. The appellant contends the evidence fails to support a verdict of Murder in the First Degree. Relying on *Holloway v. State*, Okl. Cr., 550 P.2d 1352 (1976); *Washington v. State*, Okl.Cr., 549 P.2d 1219 (1976); *Thom-*

---

1. While the repealed murder statute used the term "premeditation," the present statute defining Murder in the First Degree, 21 O.S. Supp.1976, § 701.7A, uses the term "malice aforethought" and reads in pertinent part as follows:

"A. A person commits murder in the first degree when he unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof."

as v. State, Okl.Cr., 536 P.2d 1305 (1975), and *Proctor v. State*, Okl.Cr., 536 P.2d 381 (1975), he argues that due to his state of intoxication and passion he was unable to form any "premeditation or intent to harm." Again, we note the appellant's brief uses the term "premeditation" under the now repealed First Degree Murder statute. Therefore, we will assume his reference is to "malice aforethought" under the charging statute.

■ The appellant's contention here is refuted by the discussion under the first allegation of error. In addition, the transcript contains the testimony of various witnesses which negates the appellant's claim.

■ The jury considered all evidence adduced at the trial and found the appellant guilty of first degree murder. It is well settled that the trial court should not direct a verdict where there is competent evidence tending to sustain the allegations of the information. *Cooper v. State*, Okl. Cr., 584 P.2d 234 (1978). Where, as here, there is competent evidence in the record from which the jury could reasonably conclude that the appellant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, because it is the exclusive province of the jury to weigh the evidence and determine the facts. *Nichols v. State*, Okl.Cr., 564 P.2d 667 (1977).

### III

■ Also raised on appeal is alleged error by the trial court in admitting evidence of convictions for the purpose of impeachment. Specifically complained of is the admissibility of two convictions of defense witness Ronnie Gene Holt, which failed to show an affirmative waiver of counsel or that the witness was represented by counsel. The appellant relies on *Chester v. State*, Okl.Cr., 485 P.2d 1065 (1971). That case held that where the State seeks to introduce evidence of former felony convictions on cross-examination for credibility purposes, the State has the burden to show by competent evidence that in sustaining such former convictions the defendant was represented by counsel or competently waived counsel. *Chester* is distinguishable, however, as applying to admission of a *defendant's* former convictions, rather than to those of a witness for the defense as in this case.

In addition, error is alleged in the admission of several felony and misdemeanor offenses of the appellant. In support of his position, the appellant cites 21 O.S.Supp. 1976, § 51A, and 12 O.S.Supp.1978, § 2609, both of which are inapplicable. The first relates to the sentencing of a defendant rather than to impeachment or credibility. The second statute, a part of the newly enacted Oklahoma Evidence Code, was not in effect until October 1, 1978, and is therefore inapplicable.

■ As a general proposition, it is proper for the prosecuting attorney to cross-examine a defendant as to former convictions for the purpose of affecting his credibility as a witness. *McKee v. State*, Okl.Cr., 576 P.2d 302 (1978); *Mathews v. State*, Okl.Cr., 549 P.2d 358 (1976). However, such questioning is permissible only insofar as it remains within the bounds of propriety.[2] Accordingly, we find no error by the trial court in admitting evidence of the appellant's former convictions.

### IV

Having found no error requiring modification or reversal, the appellant's final argument concerning an accumulation of error is also without merit. *Lott v. State*, Okl.Cr., 586 P.2d 70 (1978), and *Brinlee v. State*, Okl.Cr., 543 P.2d 744 (1975).

The judgment and sentence is *AFFIRMED*.

BRETT and BUSSEY, JJ., concur.

2. That boundary was first established in *Little v. State*, 79 Okl.Cr. 285, 154 P.2d 772 (1945), where we indicated the prosecutor could not go into detail concerning the crime for which the defendant had been convicted. Permissible questioning was held to include the conviction, the name of the court in which the conviction occurred, the nature of the crime, and the date thereof.