John Leslie DEPEW, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–511.

Court of Criminal Appeals of Oklahoma.

May 20, 1981.

Gary Peterson, Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., C. Elaine Alexander, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

John Leslie Depew was tried by jury and convicted of Robbery with Firearms, After Former Conviction of a Felony, 21 O.S. Supp.1973, § 801 and 21 O.S.Supp.1978, § 51, in Oklahoma County District Court Case No. CRF–78–5193. He was sentenced to thirty (30) years' imprisonment and has perfected a timely appeal to this Court.

■ Appellant contends as his first assignment of error that the trial court's instruction No. 3 constituted a conclusive presumption that a firearm was used, and foreclosed a full jury trial on that issue. That instruction reads in pertinent part that:

"Robbery is the wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. Robbery with Firearms is robbery, as defined above, by the use of a firearm. *A .22 caliber derringer is a firearm.*" (O.R. 9). [emphasis added.]

We note first that no objection was made to this instruction. Moreover, the error, if any, must be deemed harmless in this case. There was undisputed evidence that appellant robbed a convenience store with a loaded .22 caliber derringer. Although the evidence conflicts as to whether the gun was capable of firing, that is not an issue under the amended statute, 21 O.S.Supp.1973, § 801. Also, the appellant virtually admitted guilt on the witness stand, T.R. 32, and sought to throw himself on the mercy of the court and jury, T.R. 51(a), the only contested issue being the appropriate sentence, T.R. 52, as indicated in closing argument. This first assignment of error is without merit.

■ As his second assignment of error appellant argues that the trial court erred in refusing to submit a verdict form to the jury authorizing a verdict of guilty of robbery with firearms. The only verdict forms submitted to the jury authorized verdicts of not guilty, or guilty of robbery with firearms, after former conviction of a felony.

In *Jones v. State*, 527 P.2d 169 (Okl.Cr.1974) this Court held that where accused admits under oath his prior felony convictions, there is no issue of fact for the jury, and the court need not instruct the jury on the punishment for the primary offense in addition to the range of punishment for the enhanced substantive offense. This principle is dispositive of the contention here, and we decline the invitation to reconsider the holding in *Jones*. Appellant admitted under oath two prior felony convictions, and the State submitted certified documents establishing those convictions. This assignment of error is without merit.

■ Appellant's third assignment of error is directed at five instances of alleged prosecutorial misconduct during cross-examination and closing argument. The record reveals that four of the alleged instances of misconduct occurred without any defense objection. A review of the remarks reveals that, by and large, they were based on the evidence and/or were invited by defense testimony and argument. No fundamental error appears.

■ In the fifth instance a defense objection was sustained, but a motion for a mistrial was overruled. The comment complained of appears as follows:

"It isn't very joyful for a prosecutor to have to stand in front of you and know that behind him is a seventeen year old boy who can be characterized in no other way than as a habitual criminal." (Tr. 48).

It is argued that the prosecutor was improperly injecting his own opinion. However, while the comment may have been improper as to form, it was amply supported by the evidence, and would be, in proper form, valid closing argument under the rule that counsel have a right to discuss fully the evidence from their separate points of view. See *Collins v. State*, 561 P.2d 1373 (Okl.Cr.1977). The error was cured by the sustaining of the objection, and the remark would not appear to be sufficiently prejudicial as to require a mistrial. The third assignment of error is without merit.

██ Appellant finally urges as his fourth assignment of error that the thirty (30) year sentence was excessive. He points to his age at the time of the crime—seventeen years, evidence that the hand gun was inoperable and that he was under the influence of narcotics, the fact that the victim was not harmed, and evidence indicating a record of mental problems. However, we note that the sentence was well within the limits set by the statute, and we are unable to say that the sentence shocks the conscience of the court. See *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979). This assignment is without merit.

In conclusion, there appearing no error in the record which would justify reversal or modification, the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., concurs.

CORNISH, J., concurs in results.