Marvin G. SMITH, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–81–450.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1982.

Rick Ault, Asst. Public Defender, Oklahoma County, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief Appellate, Crim. Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Marvin G. Smith, was convicted of Robbery with Firearms, in violation of 21 O.S.Supp.1980, § 801, in the District Court of Oklahoma County, Case No. CRF–80–3568, was sentenced to thirty (30) years' imprisonment, and he appeals.

As his first assignment of error the appellant argues that there was insufficient evidence upon which to support a verdict of guilty of Armed Robbery. We do not agree.

The victim, Robert G. Taylor, testified that he encountered a man at the front door of his home, who pulled a gun on him. He saw another man, whom he positively identified at trial as the appellant, Marvin G. Smith, leaning across the hood of a car, approximately thirty (30) feet away, and pointing a gun at him. The first intruder forced Mr. Taylor to lie face down on the floor and put a towel over his head, as the appellant went into the kitchen. According to Taylor, the appellant informed the other robber that there was a microwave oven in the kitchen, to which the partner responded that a microwave oven would be too heavy.

Taylor testified that three (3) watches, two (2) C.B. radios, thirty seven dollars ($37.00) in cash from his billfold, the watch off his arm, the pocket knife from his pocket and his car keys were taken in the robbery. When phones in the house, which were supposed to have been ripped out, began to ring, the robbers made a hasty get away, and left a portable T.V., two (2) pellet guns, a movie camera and camera strobe lights near the front door. The victim positively identified the appellant from a group of approximately fourteen (14) photographs, and again at trial.

Officer Don Cravens testified that a latent fingerprint he lifted from a dish shaped like a horse located in the southeast bedroom of the house, which had contained some of the items taken in the robbery, positively matched a fingerprint taken of the appellant's left thumb. The appellant admits being at the scene of the robbery at the time of the crime, but he denies that he ever pointed a gun at Mr. Taylor or participated in the robbery. He is unable to explain how his fingerprint got onto the dish in the bedroom.

Only slight participation is required to change a person's status from a mere spectator into an aider and abetter. *Cooper v. State*, 584 P.2d 234 (Okl.Cr.1978). We find that there was ample evidence to support the verdict of the jury as to the appellant Smith, and, as we have stated on numerous occasions:

> Where, as here there is competent evidence in the record from which the jury could reasonably conclude that the appellant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, because it is the exclusive province of the jury to weigh the evidence and determine the facts.

*Morris v. State*, 607 P.2d 1187 (Okl.Cr.1980). This assignment of error is without merit.

In his second and final assignment of error, the appellant contends that the sentence given in the instant case was excessive, especially in light of the fact that he was seventeen (17) years old at the time

of the robbery. The sentence was well within the limits set by the statute, 21 O.S.Supp.1980, § 801, and we are unable to say that the sentence shocks the conscience of this Court. See, *Depew v. State*, 628 P.2d 1174 (Okl.Cr.1981); and, *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979).

For the above and foregoing reasons, the judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.