**Paul Robert Mc FARLAND, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–81–158.**

Court of Criminal Appeals of Oklahoma.

July 26, 1982.

Richard E. Butner, Wewoka, for appellant.

Jan Eric Cartwright, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Paul Robert Mc Farland, was charged with First Degree Murder in the shotgun slaying of his wife. The appellant was convicted in Seminole County District Court, Case No. 80–66, and was sentenced to life imprisonment.

### I.

As his first assignment of error, the appellant contends that he did not have adequate time to prepare for trial and as a consequence, the trial court erred in not granting his motions for continuance. An

accused is entitled to a reasonable time to prepare for trial. *Riddle v. State*, 374 P.2d 634 (Okl.Cr.1962); and counsel appointed to defend the accused . . . must be given reasonable time to prepare for trial. *Davis v. State*, 368 P.2d 519 (Okl.Cr.1962). However, a motion for a continuance is addressed to the sound discretion of the trial judge, and the ruling thereon will not be disturbed on appeal unless an abuse of discretion is apparent. *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

▉ In the case before us, McFarland had the same attorney represent him throughout all the various proceedings, and had nearly six (6) months in which to prepare his defense.[1]

Further, the record reflects that the defendant did not subpoena his own private psychiatrist to testify at trial. Under the circumstances, we do not find that the trial court decision was an abuse of discretion.

## II.

▉ In his second assignment of error, the appellant alleges error occurred in the admission into evidence of a partially unintelligible tape recording of the appellant's confession. We find that the trial court substantially followed the procedure for admission of sound recordings outlined in *Brewer v. State*, 414 P.2d 559 (Okl.Cr.1966). The judge determined the authenticity of the tapes, the voluntariness of the confession and the admissibility of the recording out of the hearing of the jury.

1. The record discloses that defense counsel's psychiatrist could have examined the appellant while he was at the state hospital during a sixty (60) day evaluation period. Further, at a hearing on September 18, the trial judge made the State's psychiatrist available to confer with the appellant's expert witness to provide him with anything he might need for his testimony.

2. A review of the record discloses that substantial evidence was presented from which the jury could have concluded that the defendant shot the rifle with intent to kill, when the defense counsel elicited the following on redirect examination:
    Q. Now, Mr. McFarland, do you remember any time thinking about your Uncle John when Nadine walked down the car?

Where a tape recording is objected to as unintelligible or inaudible, its admissibility is within the sound discretion of the trial judge. (citations omitted) Unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy, it may be admitted. *United States v. Watson*, 594 F.2d 1330 (10th Cir. 1979). Here, the majority of the tape was intelligible and the recording as a whole was trustworthy, therefore, it was not error for the trial court to allow use of the tape recording.

## III.

▉ The appellant's last assignment of error is that the appellant was too intoxicated to form the malice aforethought required by 21 O.S.1981, § 701.7(A) for First Degree Murder. This Court has consistently held that it is the exclusive province of the jury to weigh the testimony and surrounding circumstances to determine malice aforethought.[2] *Nichols v. State*, 564 P.2d 667 (Okl.Cr.1977). Here the trial court gave proper instructions on intoxication and the lesser included offense of First Degree Manslaughter. The jury obviously considered these possibilities as they asked for a further instruction concerning them during deliberation. The jury properly weighed all the evidence, and the Court of Criminal Appeals will not invade the province of the jury to overturn its verdict. See, *Morris v. State*, 607 P.2d 1187 (Okl.Cr. 1980), *Nichols v. State*, 564 P.2d 667 (Okl.Cr. 1977).

A. Yes, sir, I believe when she first come around the corner of the pick-up, I thought it was him.
Q. Okay. And what were your thoughts about him?
A. I would have shot him if he pulled a gun on me.
Q. When you made this statement the District Attorney is talking about jerking the gun, now, do you know what you were doing when you aimed the gun, when you pointed the gun?
A. At the person, probably.
Q. Now what do you mean by these statements that you made, if you remember now, to the police officers?
A. Probably it was her instead of him.

For the above stated reasons, the judgment and sentence should be AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.