Mark Anthony CRENSHAW, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–116.

Court of Criminal Appeals of Oklahoma.

Nov. 16, 1982.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Appellate Criminal Div., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

On appeal from his conviction in a non jury trial in Tulsa County District Court, Case No. CRF–81–1776, for Shooting with Intent to Kill, After Former Conviction of a Felony, wherein he was sentenced to thirty (30) years' imprisonment, the appellant, Mark Anthony Crenshaw, raises two (2) assignments of error.

First, the appellant argues that the verdict is contrary to the law and unsupported by the evidence. When confronted on appeal with an argument alleging the insufficiency of the evidence, this Court has repeatedly held that the test is whether a prima facie case has been established, and as long as that test is satisfied, fact questions are for the trier of fact to determine. *Hunt v. State*, 601 P.2d 464 (Okl.Cr.1979). In our determination, we view the entire record in the light most favorable to the State. *U.S. v. Peters*, 625 F.2d 366 (10th Cir.1980); *Renfro v. State*, 607 P.2d 703 (Okl.Cr.1980).

Don and Paul Grayson both testified at trial that on May 12, 1981, the appellant had aimed a chrome revolver directly at them and fired two (2) shots, but had failed to hit either them or their vehicle. The Graysons further testified to the ill feelings that exist between themselves and Crenshaw, and stated that they informed passing policemen about the shooting.

Officer Kim Terry of the Tulsa Police Department testified that on the day in question he and his partner were making a left-hand turn, northbound onto Harvard when he heard gunshots. He observed several people "fleeing for cover and pointing at a car" which he saw a black male enter and drive southbound on Harvard at a high rate of speed. The fleeing vehicle, which was some distance from the pursuing police, pulled up beside a pickup truck, and, according to Officer Terry, the appellant appeared to have a conversation with the occupants therein. The pickup truck proceeded to block the roadway and the officers were obliged to drive across a yard to get around it. The driver of the pursued vehicle, whom Officer Terry positively identified at trial as the appellant, was stopped and arrested a short distance away. No pistol was recovered from Crenshaw.

The appellant took the stand and admitted that he had been convicted of felonies on two prior occasions, but denied that he had shot at the Graysons.

We find that the testimony of the Graysons and Officer Terry, when viewed in the light most favorable to the State, provided ample evidence to support the verdict.

The appellant also argues that 21 O.S.1981, § 652[1] requires an actual striking of a person with a projectile. This argument is patently frivolous. The second sentence in Section 652 provides in pertinent part as follows: "Any person who commits any assault and battery upon another by means of a deadly weapon, or by such other means or force as is likely to produce death, *or in any manner attempts to kill another,* . . . is punishable by imprisonment in the

---

1. 21 O.S.1981, § 652. Shooting with intent to kill-Assault and battery with deadly weapon, etc.

 Every person who intentionally and wrongfully shoots another with any kind of firearm, with intent to kill any person, is punishable by imprisonment in the penitentiary not exceeding life. Any person who commits any assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death, or in any manner attempts to kill another, or in resisting the execution of any legal process, is punishable by imprisonment in the penitentiary not exceeding twenty (20) years.

penitentiary not exceeding twenty (20) years." (emphasis ours). The information was sufficient to inform the appellant of the offense charged. See, 22 O.S.1981, §§ 409 and 410. Furthermore, this Court has previously upheld a conviction for Shooting with Intent to Kill in a situation where there was no actual striking of a person with a projectile. See, *Maynard v. State,* 625 P.2d 111 (Okl.Cr.1981). This assignment of error is without merit.

In his second and final assignment of error, the appellant alleges that the punishment imposed upon him is excessive. We note that this was admittedly the appellant's third conviction of a felony within a ten (10) year time period, and the sentence was well within the statutory limits. The sentence is not so excessive as to shock the conscience of this Court. See, *Depew v. State,* 628 P.2d 1174 (Okl.Cr.1981); and *Miles v. State,* 554 P.2d 1200 (Okl.Cr.1976). This assignment is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.