**Paul Ray WILLIAMS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-83-762.**

Court of Criminal Appeals of Oklahoma.

Dec. 24, 1985.

Elaine Meek, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

The appellant, Paul Ray Williams, was convicted in the District Court of Cleveland County, Case No. CRF–83–10, of Escape From a Penal Institution, was sentenced to forty-two months' imprisonment, assessed court costs and the court-appointed counsel fees, and he appeals.

Testimony from the State's witness and the appellant himself establishes that on December 21, 1982, at 2:30 p.m., the appellant, an inmate at the Joseph Harp Correctional Center who was serving a seven year term for Burglary in the Second Degree, was observed walking north on Highway 77 by two correction officers from that facility as they were headed south on their way to work. Noticing clothing similar to that which the inmates wear, they turned their car around to investigate and recognizing the appellant as one of the inmates, they stopped their vehicle in his path. He offered no resistance, but walked up to the

car, stated that he "had walked off," and remarked, "you got me," before the officers had said anything to him. After being read his *Miranda* rights, and acknowledging that he understood, he told the officers that he had left the garbage dump which was his work assignment and located adjacent to the correctional center, and was on his way to his parent's house in Oklahoma City. Both the shift supervisor at the correctional center, and the programs director testified that the appellant did not have permission to leave the grounds of that institution.

■ The appellant's first three assignments of error concern the trial court's granting of a motion in limine which excluded evidence of duress, which the appellant wished to use as a defense to the escape. First, he alleges that such an exclusion violated his constitutional rights; second, that the exclusion caused the evidence to be insufficient because there was no testimony concerning whether or not the departure from the correctional center was voluntary; and third that the court erred in refusing to instruct the jury on the defense of duress.

The appellant, during the trial, made an offer of proof that his life had been threatened by inmates who wanted him to smuggle drugs in from the parking lot, to which he had access after he was given his new job assignment on outside maintenance. He further wished to present testimony from an inmate, who was paid by the state to give legal advice to other inmates, whom the appellant had consulted regarding his problem. Counsel for the appellant stated that he realized that such a threat was not a legal defense, but wished to offer the evidence to mitigate the punishment. We need only observe that this testimony, if presented, would not have constituted a defense to the charge of escape, nor could it be used to mitigate the punishment. *Jones v. State*, 556 P.2d 1060 (Okl.Cr.1976), *Brawdy v. State*, 590 P.2d 689 (Okl.Cr. 1979), and cases cited therein. Therefore, the motion in limine was properly granted as such evidence had no probative value. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl.Cr.1980).

■ Concerning the allegation that the evidence was insufficient, the record before us discloses that the State established a prima facie case. With that test being satisfied, all questions of fact are for the jury to resolve and we will not interfere with that verdict. *Clark v. State*, 664 P.2d 1065 (Okl.Cr.1983).

■ Finally, concerning the refusal to instruct the jury, we must first note that the appellant failed to submit a written request for a jury instruction on the duress defense and so he has waived his right to such an instruction. *Stratton v. State*, 643 P.2d 645 (Okl.Cr.1982). Furthermore, as a result of granting the State's motion, no evidence of duress was presented, so that there was no obligation to give such an instruction. *Carter v. State*, 560 P.2d 994 (Okl.Cr.1977). These three assignments of error are without merit.

■ For his fourth and final assignment of error, the appellant alleges that the trial court erred in assessing the appellant the costs of his appointed counsel. We agree. A sentencing court has jurisdiction to impose court costs on a convicted defendant. 28 O.S.1981, § 101. Costs, however, do not include court-appointed attorney fees. 28 O.S.1981, §§ 101, 153, (now amended 28 O.S.Supp.1984, § 153). The State cites no authority in our statutes where a defendant may be assessed court-appointed attorney fees except 22 O.S. Supp.1984, § 991c which only applies to a defendant receiving a deferred judgment, and we can find no authority for such an assessment. We therefore modify the judgment and sentence striking that portion which orders the appellant to pay the court-appointed counsel fees, and as so MODIFIED, the judgment and sentence is AFFIRMED.

PARKS, P.J., concurs in results.

BRETT, J., concurs.