Alton Edwin URBAUER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–773.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1987.

Lisbeth McCarty, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Alton Edwin Urbauer, was tried by jury in Atoka County District Court, Case No. CRF–85–12, and convicted of Escape from a Penal Institution (21 O.S. Supp.1983, § 443), before the Honorable H.F. Followell, Associate District Judge. The jury returned a verdict of guilty and set punishment at two (2) years imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

For his sole proposition of error, appellant claims that the evidence presented against him was insufficient to convict him, and that his constitutional rights were violated as a result. We therefore turn to the facts of the case, which are undisputed.

Two Stringtown Correctional Center officers testified that on February 4, 1985, a man later identified as appellant, climbed the first of three fences around that portion of the compound. Appellant temporarily disappeared from view, but the officers then saw him attempting to climb the third and last fence. Warning shots were fired as appellant was climbing the first fence. More shots were fired as appellant was attempting to climb over the third fence. Both witnesses agreed that appellant never completed his climb over the third fence. Further testimony revealed that the first two fences were made of razor wire, while the third was a chain link fence with no razor wire on it. Testimony also showed that the third fence does not entirely surround the facility, and is not considered a security fence. Witnesses said that the outer, non-security fence was erected to prevent cattle that often graze near the facility from wandering into the area, where old manhole covers are located.

Appellant claims he had not escaped from confinement because he did not progress past the third fence. He cites *Boone v. State*, 642 P.2d 270, 272 (Okl.Cr.

1982), which defines "escape" as a voluntary departure of a person from custody of a penal institution. He claims that, because the jury exhibited some confusion regarding the definition of "custody," the verdict was improper. We disagree.

The trial court gave the *Boone* definition of escape in its instructions to the jury. The jury sent out a note asking for a definition of "custody." The judge responded that the word meant "physical control of a person, sometimes by imprisonment." While the definition could have been better, we think that it reflects a common understanding of the concept from which the jury could determine that appellant "escaped." The term "custody" is an elastic term, which in criminal law generally denotes imprisonment. *State v. Roberti*, 293 Or. 59, 644 P.2d 1104, 1109 (1982), *cert. denied*, 465 U.S. 1076, 104 S.Ct. 1435, 79 L.Ed.2d 757 (1984). We think that for purposes of escape from a penal institution, "custody" may be restraint by either physical means or by a superior force acting as a moral restraint. But there must be actual or constructive custody in order to have an escape from that custody. *See State v. Baker*, 355 Mo. 1048, 199 S.W.2d 393, 395 (1947). Any departure from such restraint or control, with or without force, whether from the custody of an officer or from any place where one is lawfully confined may be adjudged an escape. *McCoy v. State*, 536 P.2d 1309, 1313 (Okl.Cr.1975). The evidence here clearly shows a departure by appellant from custody as we have defined it. We so hold because the evidence established that appellant was outside the confines of the correctional facility.

Appellant claims that because he was beyond the first two fences but not yet beyond the third, he had not escaped the confinement of the facility. The testimony shows that the third fence does not have razor wire on it, while the two inner fences were so equipped. Further, the testimony shows that the third, outer fence does not surround the entire facility, but rather encompasses only that portion which could present a danger to people or animals outside the facility. The purpose of the third

fence, in other words, is not to keep inmates in, but to keep others out. Having gone beyond the two barriers erected to prevent escapes, appellant had effectively gone beyond the confinement of the facility and had therefore escaped. This Court has held that once a prima facie case of escape has been presented by the State, the question of escape becomes one for the jury. *Williams v. State,* 711 P.2d 116, 118 (Okl. Cr.1985). We hold that sufficient evidence existed from which a jury could find that appellant escaped. The judgment is therefore AFFIRMED.

BRETT, P.J., and BUSSEY, J., concur.