Danny NEVIOUS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–86–696.

Court of Criminal Appeals of Oklahoma.

May 3, 1989.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Judge:

The Appellant, Danny Nevious, was convicted in the District Court of Murray County, Case No. CRF–85–69 of violating 21 O.S.Supp.1983, § 1123, Indecent Proposal to a Child Under 16. After a trial by jury, Appellant was sentenced to one (1) year in the penitentiary.

During the evening of October 29, 1985, Appellant and his thirteen year old daughter T.N., were alone at their home together while Appellant's wife, T.N.'s mother, was at work. During the course of the evening Appellant drank several beers and two half-pints of vodka. While they were watching television, Appellant told his daughter to take off her clothes and "jump into bed" because he wanted to have sex with her.

T.N. immediately left the house. She left without her coat or shoes even though the day had been rainy and cold. Appellant telephoned his wife and local police officers. The police found T.N. near a highway close to her home. She was taken to the police station where her mother found her. After taking a statement from T.N., Appellant was arrested.

After being advised of his rights, Appellant gave a written statement to the police in which he admitted telling his daughter that he wanted to have sex with her.

On appeal, Appellant first claims that prosecutorial misconduct denied his right to a fair trial. We observe at the outset that only three of the alleged misstatements were preserved by contemporanious objection. We have reviewed these statements and find them to be either reasonable inferences supported by the evidence presented or to have been cured by rulings of the trial court. *Banks v. State,* 701 P.2d 418, 425 (Okl.Cr.1985); *Robison v. State,* 677 P.2d 1080, 1087 (Okl.Cr.1984), *cert. denied* 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984). We have reviewed the remaining comments and do not find fundamental error. *Smith v. State,* 737 P.2d 1206, 1213 (Okl.Cr.1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

Appellant's second allegation of error concerns the trial court's assessment of $250.00 to be paid to the court fund as recoupment of attorney fees. Initially, we note that a majority of states and the federal government have legislatively approved the recovery of the cost of court appointed counsel. Many of the remaining states have judicially approved the imposition of such a penalty.[1] Oklahoma presently allows recovery of defense costs in cases in which a deferred sentence is assessed, 22 O.S.Supp.1988, § 991c, and in the case of a suspended sentence. 22 O.S.Supp.1988, § 991a(A)(1)(f). These are the only instances where the legislature has provided the option of recoupment as part of the punishment. Without further authorization from the legislature, an Oklahoma trial court is without the necessary power to impose such a penalty. *Williams v. State,* 711 P.2d 116 (Okl.Cr.1985). Accordingly, we must MODIFY the judgment and sentence, deleting the order by the court that Appellant pay $250.00 into the court fund upon his release. The balance of the judgment and sentence is AFFIRMED.

BRETT, P.J., PARKS, V.P.J., and BUSSEY, J., concur.

LUMPKIN, J., recuses.

---

1. For a detailed discussion *See,* Annotation, *Validity of Requirement That, as a Condition of Probation, Indigent Defendant Reimburse Defense Costs,* 79 ALR 3d 1025 (1977).