Francis A. BIRD, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12994.

Court of Criminal Appeals of Oklahoma.

May 17, 1961.

Paul D. Sullivan, Patrick D. Sullivan, Duncan, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Francis A. Bird, defendant below, was charged by information in the district court of Stephens County, Oklahoma with the crime of selling one fifth gallon of "Old Forrester" whiskey to Ray Wilkinson, a minor, sixteen years of age, knowing the purchaser to be under twenty-one years. The sale was alleged to have been made on February 11, 1960 in said County and State. The case was tried to a jury, the defendant was convicted and her punishment fixed at a fine of $500. Judgment and sentence was entered accordingly, from which this appeal has been perfected.

The undisputed evidence in this case supports the State's charge that the defendant, manager of the Lamp Post Liquor Store in Duncan, did sell to Ray Wilkinson, a minor sixteen years of age, a fifth of Old Forrester whiskey. The sale was witnessed by State Inspector Hudson Crouch, from his automobile parked in front of the store. Wilkinson testified that he bought the whiskey from the defendant with a $20 bill furnished by police officer Don Pearson. He stated that the defendant remarked that she should require an affidavit from him as to his age being twenty-one or over, but that was just talk. On cross-examination she admitted that he did not look to be twenty-one in the court room, and seeing him as he there appeared she would not sell him whiskey at any time. She denied she had any recollection of ever seeing Wilkinson before the preliminary. The record established that she did see him, and sold him the whiskey as alleged.

Officer Don Pearson was out of the State attending a special school in California

at the time of trial, and his testimony taken at the preliminary was read to the jury in its entirety, over defendant's objection and exception.

The record shows that at the preliminary the defendant's counsel vigorously cross-examined officer Pearson. It appears that the direct examination covered about six pages, but the cross-examination covered fifteen pages, and a careful reading thereof reveals that the cross-examination was thorough in every respect. Thus the defendant had the full benefit of the right of confrontation therein. The record before us further shows that the testimony of officer Pearson was a corroboration of that of Wilkinson and Inspector Crouch, that it was merely cumulative, and that their evidence was sufficient to sustain the conviction, and that the results of the prosecution would have been the same without the testimony of officer Pearson.

The record further shows that no effort was made to obtain Officer Pearson's attendance, and that if he had been subpoenaed, he would have been present.

Based upon this record, the defendant complains that the trial court erred in admitting over objections the transcript of Don Pearson's preliminary hearing testimony. He relies upon the cases of Davis v. State, 20 Okl.Cr. 203, 201 P. 1001, and Morrison v. State, 59 Okl.Cr. 245, 57 P.2d 882.

In the Davis case, this Court said [20 Okl.Cr. 203, 201 P. 1002]:

"We have no direct statute in this state with reference to the introduction of testimony of a witness given upon a former trial or preliminary hearing of a case. Section 5543 R.L.1910 [22 O.S. 1951 § 9] provides:

" 'The procedure, practice and pleadings in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this code, shall be in accordance with the procedure, practice and pleadings of the common law.'

"The common law in force in the United States can only be found in the text-books and in the decisions of the various courts of this country. We must therefore look to these sources to see whether or not the objections offered by counsel for defendant are well founded.

"The constitution of this state, section 20 of the Bill of Rights, provides that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him. At common law it has been almost universally held that the chief and essential purpose of confronting is to secure the opportunity for cross-examination. Where the witness, after testifying at a former trial, has died, become insane, left the state, is sick and unable to testify, or his whereabouts cannot with due diligence be ascertained, it has been held that if the accused at a former trial once enjoyed his right to be confronted by the witness, his constitutional right to meet the witness against him face to face is not violated by the admission of the testimony of such a witness whose presence at a subsequent trial cannot be obtained. Underhill on Criminal Evidence, (2d Ed.) § 265; 2 Wigmore on Evidence, § 1395; Hawkins v. United States, 3 Okl.Cr. [651], 652, 108 P. 561.

"It frequently happens that the cross-examination of a witness at a preliminary trial is more or less perfunctory, and that by the time the cause comes on for final trial the defendant is better able, by reason of more time and research to conduct a thorough cross-examination. There is, of course, also the advantage to be obtained by the personal appearance of the witness in order that the judge and jury may be able to observe the witness' deportment while testifying, and a certain subjective moral effect is produced upon the witness. If the witness can be obtained at the final trial, it is the right of the

defendant to require his presence. * * *

"We think that this court in former opinions has followed a rule sufficiently liberal in permitting testimony taken at a former trial or a preliminary hearing to be used in the absence of the witness, and that this court should not, by judicial construction, extend or enlarge upon the rule announced in former decisions. In many instances the prosecuting officer might prefer to have the testimony taken at a former hearing read to the jury rather than to run the risk of having the witness appear upon the witness stand to be subjected to a rigid cross-examination in the presence of the jury. To lay down the rule that a mere showing that a resident witness is in another state and that no effort or diligence to produce the witness in open court need be shown might enable public prosecutors and others, if it appear to their interest, to cause witnesses to absent themselves from the jurisdiction of the court to escape further cross-examination. To say that no diligence is required to produce the witness in open court, where it is possible to do so, is not in keeping with the spirit or the letter of the constitutional guaranty that a defendant in a criminal action has a right to be confronted face to face with the witnesses against him. Warren v. State, 6 Okl.Cr. 1, 115 P. 812, 34 L.R.A.,N.S., 1121; Baldock v. State, 16 Okl.Cr. 203, 182 P. 265; Temple v. State, 15 Okl.Cr. 176, 175 P. 733. As to witnesses out of jurisdiction, see notes to 25 L.R.A., N.S., 874; Motes v. United States, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150."

In the Morrison case, supra, the Court said:

"Before the transcript of the evidence of a witness given at a former trial is admitted, there should be a showing that the witness cannot be produced, due to some one of the exceptions named. *The admission of this class of evidence should be strictly observed since it is obvious that the privilege is subject to abuse and that the witness who is perfunctorily heard at the preliminary hearing might be purposely out of reach of the process of the court, where it might be of interest to the state to avoid further cross-examination by use of the transcript of their former testimony.* [Emphasis now supplied.]

"It is generally held that where the witness is temporarily absent from the state, or out of the jurisdiction of the court, and proper diligence has not been observed to procure his attendance, a transcript of the evidence should be rejected.

"The rule admitting a transcript of evidence of an absent witness as his deposition on final trial grows out of circumstances of necessity, and such transcript or deposition should be excluded in all cases where the witness can be produced in person. One of the reasons of this is the accused may desire to cross-examine the witness further, and the jury, if it is possible, should have the opportunity to observe the witness and his demeanor on the witness stand.

"We do not think the state used due diligence in trying to secure the attendance of the witness McCuen, * * *." [59 Okl.Cr. 245, 57 P.2d 889].

We have examined all the cases relied on by both the state and the defendant and others. Gibson v. State, 85 Okl.Cr. 228, 186 P.2d 667; Morrison v. State, supra; Pruitt v. State, 60 Okl.Cr. 210, 63 P.2d 776; Rice v. State, 60 Okl.Cr. 398, 64 P.2d 1240; Burks v. State, 64 Okl.Cr. 285, 79 P.2d 619; Saied v. State, 65 Okl.Cr. 124, 83 P.2d 605; Clark v. State, 63 Okl.Cr. 138, 73 P.2d 481; 122 A.L.R. 426.

▮ The better reasoned cases all hold that before a transcript of testimony given at a former trial or preliminary hearing can

be read, because of the absence of the witness from the State, a showing of due diligence to obtain his presence as a witness must be made before the transcripted evidence is admissible. No such showing herein appears. To the contrary, the record shows no attempt to obtain Don Pearson's presence was made by subpoena. It further appears that if a subpoena had been issued for officer Pearson he would have been available; that he was temporarily in California as an officer attending a "Control of Delinquents" school, and that he would return December 2, 1960.

We are of the opinion that no proper showing was made in the case at bar to render the preliminary transcript admissible.

The case of Davis v. State, supra, bears marked similarity to the case at bar. Therein Mr. F. C. Hall, the witness, was only temporarily out of the State. No subpoena was issued for him, and no effort made to obtain his attendance. In that case this Court said:

"To say that no diligence is required to produce the witness in open court, * * * is not in keeping with the spirit or the letter of the constitutional guarantee. * * *."

To this we agree, and it was error to admit the preliminary testimony of officer Pearson into evidence under the conditions herewith presented. But the matter does not end with this conclusion.

Though it was error to follow the foregoing procedure herein adopted at the trial, error alone is not reversible, unless accompanied by prejudice. The testimony of Pearson was merely cumulative of that of Ray Wilkinson and Inspector Crouch, the testimony of whom, standing alone is sufficient to sustain the verdict of guilty. Wood v. State, 72 Okl.Cr. 347, 116 P.2d 734.

In anything like a close case this error, however, would be fatal to the conviction. But this is not a close case. If the case were tried again on the testimony of the child and officer Crouch, or if tried again with the testimony of Pearson, the same result of guilt would be reached. The testimony of Pearson added nothing to the evidence of guilt. He was proven just as guilty without Pearson's testimony. Prejudice is not presumed from error. Denial of a Constitutional right of accused does not require a reversal, where it appears no injury could have resulted to the defendant. Howington v. State, 30 Okl.Cr. 243, 235 P. 931. Under 22 O.S.1951 § 1068, this error is harmless.

In this connection it has been held that before this Court can reverse a conviction for error in admission or rejection of evidence, it must find from an inspection of the entire record that appellant was injured thereby, and to determine that issue it must consider whether appellant is guilty of the offense charged. Jones v. State, 20 Okl.Cr. 154, 201 P. 664; Jackson v. State, 84 Okl.Cr. 138, 179 P.2d 924; Stokes v. State, 86 Okl.Cr. 21, 189 P.2d 424, 190 P.2d 838, and many other cases to the same effect.

Looking at this record in light of the foregoing, we are of the opinion that this error was harmless.

At first we were disposed to modify this sentence, but on second thought we are not inclined to temporize with those who sell liquor to minors. Justice for those who corrupt the youth of Oklahoma should be swift and certain. We shall not temporize with such violators. We never have, and we see no reason for doing so now.

The judgment of the district court of Stephens County, Oklahoma is, accordingly, affirmed.

NIX, P. J., and BUSSEY, J., concur.