OKLAHOMA ALCOHOLIC BEVERAGE CONTROL BOARD, Plaintiff in Error,

v.

R. F. LOBO and Phylis M. Lobo, Defendants in Error.

No. 40483.

Supreme Court of Oklahoma.

April 21, 1964.

Charles Nesbitt, Atty. Gen., F. Burck Bailey, Asst. Atty. Gen., for plaintiff in error.

Ed Parks, Tulsa, for defendants in error.

IRWIN, Justice.

The Oklahoma Alcoholic Beverage Control Board issued its "Notice of Contemplated Suspension, Revocation or Denial of" a retail liquor license to R. F. Lobo and Phylis M. Lobo, referred to as defendants. The factual basis for the Notice was that defendants did, on or about May 24, 1962, sell alcoholic beverages to John Francis McCormick, a minor.

On September 5, 1962, after a hearing on the merits, the Board issued its Order refusing to renew the license of defendants. On appeal to the District Court of Tulsa County, a trial was had de novo, and the Board's Order was vacated with directions to issue a retail liquor license to defendants. The Board perfected its appeal to this Court.

## FACTS

On September 20, 1962, upon application, the trial court set the cause for hearing on September 25, 1962, and on September 21, 1962, defendants filed an amendment to its Notice of Appeal. On September 27, 1962, the cause came on for hearing. On this date, the Board advised the trial court that it was not prepared to go to trial on the merits because its star witness (John Francis McCormick) was absent, and that a subpoena was issued on September 26, 1962, for the witness but that he was attending Notre Dame University and the subpoena was returned with the notation that the witness could not be found in the county. The Board then requested the matter be passed until it could get its witness to appear.

In response to a question from the court, the Board responded that it did not know when it could have its witness in court but would make a very definite effort to get him.

Defendants objected to a continuance and stated that a further continuance would work a great hardship on them because their retail liquor establishment was closed.

The trial court denied the Board's motion for a continuance. The Board then stated that it was prepared to submit the testimony taken from the witness at the hearing before the Board. The offered testimony was contained in a transcript certified by the secretary to the Director of the Board. The trial court refused the offer.

The defendants then offered their testimony which was to the effect that they did not sell the liquor to the minor and offered in evidence a daily register tape of their store's operation, dated May 24, 1962. One of the defendants testified that the register tape did not disclose the quality and quantity of the type of liquor allegedly sold to the minor on May 24, 1962, and there was no sale of the nature allegedly made.

## CONCLUSIONS

The Board contends the trial court erred in refusing to admit in evidence the certified transcript of the testimony given by John Francis McCormick at the hearing before the Board.

The defendants contend that if we assume the testimony in question, could have been introduced in the district court trial, the trial court did not err in refusing to admit it because a proper predicate was not laid before the testimony was sought to be introduced.

 If we assume that the transcript certified by the secretary to the Director of the Board, could be admissible in the district court trial under certain circumstances, before it could be admitted a proper predicate would have to be laid for its introduction. In Bird v. State, Okl.Cr., 362 P.2d 117, it was held:

"Where the accused at a former trial or at a preliminary hearing once en-

joyed his right to be confronted by a witness against him and had the privilege of cross-examining the witness, if at a subsequent trial, involving the same issue, it satisfactorily appears that the witness has died, become insane, or has permanently left the state without collusion or procurement of either party, and that his presence with due diligence cannot be had, or where the witness is sick and unable to testify or his whereabouts cannot with due diligence be ascertained, a transcript of the testimony of such witness may be introduced as the evidence of such absent witness.

"Where it appears that the attendance of a resident witness could have been had by the exercise of due diligence, the mere showing that on the day of trial the witness is temporarily in another state on private business is not a sufficient predicate to authorize the reception of his evidence taken at the preliminary hearing. * * *

"Before a transcript of testimony given at a former trial or preliminary hearing can be read because of the absence of the witness from the state, a showing of due diligence to obtain his presence as a witness must be made before the transcripted evidence is admissible."

In the instant case the trial court, on September 20, 1962, set the date for trial and the Board did not have a subpoena issued until September 26, 1962. On September 27, 1962, the day of the trial, the Board stated that the witness was attending school out of state and was not available as a witness. There was no showing what efforts the Board had made to ascertain the whereabouts of the witness after the trial court had set the date of trial, nor a showing of due diligence to obtain his presence after his whereabouts was ascertained. There was no showing when the witness would return and be ready to testify.

 At the time of trial, defendants' place of business was closed and they were

entitled to a speedy determination as to whether their license should or should not be renewed. It was within the sound discretion of the trial court to determine the degree of preliminary proof necessary to admit the transcript of the testimony of the absent witness. See Phillips v. Mitchell, 68 Okl. 128, 172 P. 85.

After carefully reviewing the entire record and assuming the testimony was admissible if a proper predicate were laid for its introduction, we cannot conclude the trial court abused its discretion in not admitting such evidence. The judgment of the trial court is accordingly affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BERRY, JJ., concur.