**Shirley Ann DENSON, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15152.**

Court of Criminal Appeals of Oklahoma.

May 20, 1970.

Rehearing Denied Oct. 2, 1970.

Robert E. Walker, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge:

Shirley Ann Denson, hereinafter referred to as defendant, was charged in the District Court of Oklahoma County with the crime of Grand Larceny, Case No. 34992, which allegedly occurred on March 12, 1968, when the defendant and her companion removed various pieces of jewelry from a jewelry store in Oklahoma City without permission. Defendant was brought to trial before a jury on January 20, 1969, and found guilty as charged. Judgment and sentence was imposed on February 7, 1969, sentencing defendant to one year in the state penitentiary and a timely appeal therefrom has been perfected.

It is defendant's first contention that it was error for the trial court to refuse a requested instruction on her theory of defense and that she was involuntarily subjected to the powers of a superior by duress which exonerated her from the charge of a criminal act. It is true that in order to assure a fair and impartial trial that the instructions to the jury should fully present all material issues raised. Miles v. State, 41 Okl.Cr. 283, 273 P. 284; Arnold v. State, 96 Okl.Cr. 266, 252 P.2d 941. Likewise, a defendant is entitled to instructions as to the law regarding his theory of defense if there is any evidence tending to support said theory. Title 21 O.S.1961, § 155, provides:

> "The involuntary subjection to the power of a superior which exonerates a person charged with a criminal act or omission from punishment therefor, arises either from:
>
> 1. Duress; or,
>
> 2. Coverture."

Title 21 O.S.1961, § 156, provides:

> "The duress which excuses a person from punishment who has committed a prohibited act or omission must be an actual compulsion by use of force or fear."

Defendant testified that she and her companion, Herbert Hill, dropped into Rosenfield's Jewelry Store in Penn Square Shopping Center, Oklahoma City, with no particular objective in mind. Defendant testified she inquired about cigarette lighters and then left the store with Mr. Hill without any knowledge that he had taken several pieces of jewelry from the store. After leaving the shopping center and starting back home, she testified Mr. Hill gave her the stolen articles and told her to hide them in her bra. It is defendant's testimony that this was the first time she had any knowledge that Mr. Hill had stolen the jewelry. There was other testimony offered by the defendant, as well as police officers, indicating that defendant had been beaten by Mr. Hill on other occasions and that she had cause to be afraid of him. Defendant further testified that she was not married to Mr. Hill.

From a review of the evidence, we find that defendant's own testimony indicates that in accompanying Mr. Hill to the jewelry store she was not acting out of fear or that she was under duress. Rather, she

indicated that the theft took place without her knowledge and it was not until later that she was aware of the crime. Consequently, it would appear that the defendant was attempting to establish the absence of criminal intent because of no knowledge of the crime. Her testimony does not indicate, even by inference, that she participated in the crime because of "actual compulsion by use of force or fear" as required by the statute, which would support the giving of an instruction as to duress being a defense.

While a trial judge should give all instructions which might be warranted by the evidence, we find no reversible error in the failure of the trial court to give an instruction on the theory of duress, as the defendant's testimony does not support this theory of defense.

■ It is defendant's second proposition that she was denied a fair and impartial trial by evidence admitted over the objection of defendant which improperly prejudiced her case. Specifically, defendant cites as error the statement by a witness, a city jail matron, that she knew the defendant as a "known character." (T 54). Defendant argues that the questioning by the assistant district attorney, which prompted this reply by the witness, was an attempt to show the defendant had a police record and to thereby bias and prejudice the jury.

We note that the trial judge interrupted the witness when she made this statement, finding such a response improper and inadmissible. Certainly, trial techniques calculated to prejudice the defendant by conveying inadmissible matters to a jury are offensive, not only because they may result in sentences unwarranted by inadmissible evidence, but because it shows deliberate manipulation to evade the law by those sworn to uphold the law. However, in the instant case we do not find such an offensive technique nor was the reference to defendant as a "known character" of such a

degree that prejudice is presumed. Bird v. State, Okl.Cr., 362 P.2d 117. Clearly, we do not think that the defendant was prejudiced by this remark in view of her testimony on cross examination in which she admitted to a conviction in Oklahoma County for concealing stolen property in 1966 (T 110, R 123), and a conviction in Okmulgee County for Grand Larceny in 1968 (T 111, R 124). Defendant's prior record was established by her own testimony and the unfortunate reference to her as a "known character" by the witness was no more damaging than her own admissible testimony. Accordingly, we are of the opinion that this contention of the defendant is without merit and does not constitute reversible error nor justifies modification of the sentence, as the sentence imposed of one year appears relatively minimal.

■ It is defendant's final proposition that the punishment was excessive and should be modified. Again, we find no merit in this contention as the sentence imposed appears to be light in view of the evidence, the punishment authorized for Grand Larceny, and defendant's prior convictions. See Johnson v. State, Okl.Cr., 386 P.2d 336.

Therefore, finding no merit to the contentions raised by the defendant, and finding the evidence sufficient to support the verdict, we conclude that the judgment and sentence as imposed must be

Affirmed.

BRETT, P. J., concurs.

NIX, Judge (dissenting):

I feel that the introduction of the matron's voluntary statement that defendant was a "known character" was highly prejudicial and constituted error. I further feel that the defendant was entitled to the instruction on "duress" as that was largely her theory of defense.