**Fred McFAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–16490.**

Court of Criminal Appeals of Oklahoma.
June 14, 1972.

Justus Hefley, Anadarko, Red Ivy, Chickasha, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

SIMMS, Judge:

The appellant was charged, tried, and convicted by a jury of the crime of Assault and Battery with a Dangerous Weapon in the District Court of Caddo County, Oklahoma, on September 21, 1970, and thereafter in compliance with the jury verdict, judgment and sentence was pronounced on October 2, 1970, fixing punishment at a term of six (6) months in the county jail. From said judgment and sentence a timely appeal has been perfected to this Court.

On the trial, four eye-witnesses testified for the State of Oklahoma; an Assistant District Attorney, a court reporter, a special judge, and another court house employee, who were present at the date and place in question, the Caddo County. Court House. The testimony was substantially that the witnesses saw the defendant in the case, Fred McFay, in the court house hallway and that they observed the defendant pick up a folding metal chair, proceed a distance down a corridor to the area where the victim, one Birt Young, was seated in another chair.

The witnesses then observed the defendant swing the folding chair and hit the victim on the arm, at which point the victim got up and ran, and that thereafter, the defendant threw the chair in the direction of the victim.

One of the female witnesses testified that she was struck on the foot by the chair after it was thrown and another witness testified that for a brief moment he saw the victim holding the legs of the chair. The only other witness who testified for the state before the jury was a deputy who did not actually see the event, but took custody of the chair in question and also arrested the defendant.

The victim, Young, was not present on the trial and after the court ruled a diligent effort had been made on the part of the state to procure his attendance, the preliminary hearing testimony of the victim was allowed to be read to the jury over the objection of the defendant, thereby forming the central issue in this appeal.

There was also testimony in the record to the effect that the victim had testified a short time prior to the incident and in the

course of his testimony certain references were made to the appellant, McFay.

Appellant took the stand in his own defense and testified that he knew the victim and that the victim owed him money for room and board, and that he approached the victim to see if he could get his money. Appellant admitted picking up the chair and approaching the complaining witness, but stated that the victim stated at that time: "I was going to get even with you," and that while he intended to threaten the complaining witness with the chair, it slipped out of his hand and hit the wall and that he did not intend to strike the victim.

Appellant's major contention here is that the court erred in allowing introduction of the preliminary hearing testimony in that it was not filed according to statute and for the reason that the state failed to show due diligence in locating the complaining witness in laying the proper predicate for the admission of the transcript. The appellant also alleged prejudicial and improper argument on the part of the District Attorney in the closing arguments.

The trial record reflects that rather than physically introducing the transcript into evidence, the state read portions to the jury and that the defense attorney, while he objected to the transcript, read that portion which he participated in during the preliminary hearing. While the defense attorney objected to the testimony, there is no showing in the record that what was read into the record as the preliminary hearing transcript was not true and correct.

■ Appellant's first objection is that the District Attorney, rather than the court reporter or the magistrate, was the individual who filed the transcript in the court clerk's office and that this deviation from the statutory requirement infects the transcript's admissibility. We note, however, that a case cited by the attorney for the appellant clears up this particular objection. This Court held that it is not an essential pre-requisite that a transcript of evidence taken at a preliminary trial be filed with the court clerk in order to render it admissible in evidence, when otherwise competent and material. Exleton v. State, 30 Okl.Cr. 224, 235 P. 627 (1925).

Further, the record reflects that an in-chambers proceeding in the form of an evidentiary hearing was had out of the presence of the jury in which testimony was taken from the District Attorney, one of his assistants, and a deputy with regard to the manner in which the state sought to secure the presence of the complaining witness in this case. As a result of that evidentiary hearing, the court found as a matter of law, that the state had, in fact, exercised due diligence in attempting to secure the presence of that witness.

■ We have previously held that where the testimony of a witness at preliminary hearing is taken down by a reporter in the presence of the defendant and that the defendant's attorney has an opportunity to cross-examine the witness and where such testimony has been filed with the clerk the transcript is admissible if the witness is not present and cannot be found in the jurisdiction following a diligent effort. Bird v. State, Okl.Cr., 362 P.2d 117 (1961); and Fletcher v. State, Okl.Cr., 364 P.2d 713 (1961). *Fletcher*, supra, also sets out some guidelines as to what the court will consider in determining whether or not a diligent effort has been made to produce the witness and after reviewing the testimony in the transcript before us in this case, we hold that the trial judge correctly ruled in finding the state, in fact, had made a diligent effort. The record reflects that subpoenas were timely issued and that attempts were made to locate the witness without the state as well as within the jurisdiction.

■ Notwithstanding the foregoing, we cannot conscientiously say that admission of the complaining witness's preliminary hearing testimony would have been prejudicial even if a showing of due diligence had not been made in this case. It appears from the evidence given by the state's wit-

nesses that the guilt of the defendant was clearly established without Young's testimony and that the state was able to prove the corpus delicti even before they attempted to introduce the preliminary hearing testimony of the prosecuting witness in this case.

The *Bird* case, supra, also stands for the proposition that before this Court can reverse a conviction for error in the admission or rejection of evidence, it must find from the entire record that the defendant was injured thereby and that in order to determine that issue we must consider whether the defendant is guilty of the offense charged, and as previously noted, the evidence of guilt appears more than sufficient without the testimony of Young.

Further, a thorough examination of the transcript of the arguments had at the conclusion of the evidence in this case leads us to the conclusion that appellant's second proposition, that the argument made by the District Attorney was improper, is without merit for two reasons.

Initially, it is clear from the record that the complained of argument is not properly before this Court for consideration. Despite the authority cited in appellant's brief, this Court has set out time after time the guidelines which must be followed in order to properly preserve such matters for this Court's consideration. Objections must be timely made to improper argument, and the defendant must at that point in the argument go further and move the objectionable argument be stricken from the jury's consideration unless the remarks were such that they could not be cured by their withdrawal from the jury. We observe that while the appellant's attorney did interpose an objection, the same being overruled, defendant's attorney failed to take the extra step in requesting that the remarks be stricken, thereby preserving the matter for consideration by this Court. See, Gaddis v. State, Okl.Cr., 447 P.2d 42 (1968), and, Kuerschner v. State, Okl.Cr., 493 P.2d 1402 (1972).

Secondly, we observe from a reading of the complained of argument that the statements made by the District Attorney appeared to be comments on the evidence in the record. In view of the trial court's ruling on the objection, coupled with our reading of the transcript, this Court is not constrained or persuaded by appellant's argument to substitute its opinion for that of the trial judge because the error does not appear to be flagrant and of such a nature to be prejudicial to the defendant. In this vein, see Pickens v. State, Okl.Cr., 450 P. 2d 837 (1969).

In conclusion, this Court observes that the record is free of any errors which would justify modification of sentence or require reversal of the verdict. The judgment and sentence is, and the same is, hereby

Affirmed.

BUSSEY, P. J., and BRETT, J., concur.