**Tollie Earl MELVIN, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–83–618.

Court of Criminal Appeals of Oklahoma.

Sept. 10, 1985.

Rehearing Denied Oct. 2, 1985.

Robert A. Ravitz, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., State of Okl., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

Tollie Earl Melvin was convicted in Oklahoma County District Court by a jury of Murder in the First Degree. He was sentenced to life imprisonment.

At approximately 2:25 a.m., on the morning of December 9, 1982, Spencer police officer Kevin Simmons radioed the dispatcher at the Oklahoma County Sheriff's office that he was stopping a vehicle at N.E. 36th Street and Spencer Road for a traffic violation and that the vehicle bore a license plate with the number T126373. When the officer did not report back to the dispatcher, backup officers were sent to the scene. Officer Simmons was found at the site fatally injured with a gunshot wound to the head. Appellant's and Scott Moore's drivers licenses were found in the officer's rear pocket. The officer's revolver had been ripped from his holster.

A nearby drug store had been burglarized shortly before the homicide. The cartons of cigarettes stolen from the pharmacy were found in a ditch near the officer's patrol car.

Later that morning, Scott Moore checked into Grady Memorial Hospital with a gunshot wound. The truck with license plate number T126373 was found at the owner's home in Chickasha, Oklahoma, who told police officers he had loaned it to appellant and Scott Moore the previous evening. It had been returned before the owner awakened. At trial, appellant's cousin testified that on the morning of the killing, appellant brought some guns to him and asked him to keep them after he told how he had shot Officer Simmons. Appellant was arrested three days after the shooting following an extensive manhunt in Chickasha.

■ Appellant first assigns as error the admission of evidence which tended to show that he had committed crimes other than the homicide. The crimes complained of are, first, his threat to the telephone operator of Grady Memorial Hospital to "blow away" Scott Moore, the only witness to the shooting, made the morning of the homicide while Moore was being treated at the hospital for his gunshot wound. The other crime complained of is the threat made by appellant to arresting officers that they should come into the house in which he was located and that he would

blow them away. Appellant's counsel had before trial seen the statements of the witnesses who testified of these incidents but complained he did not have proper notice that the prosecution intended to introduce this evidence under *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). But *Burks* itself does not require the prosecution to give formal notice of every crime it might prove at trial. As this Court expounded in *Scott v. State*, 663 P.2d 17 (Okl.Cr.1983), those offenses which are part of the entire transaction of the offense charged, and so closely related as to eliminate the element of surprise *Burks* seeks to prevent could be proven at trial without meeting the formalized notice requirement. *See also, Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980). These admissions of appellant reflected guilty knowledge of the offense charged and were probative of absence of mistake or accident. 12 O.S.1981, § 2404(B). Appellant's counsel, too, knew that appellant made these remarks prior to trial. Further, defense counsel effectively waived any error in this regard by his failure to urge it in the petition in error to this Court, *Coleman v. State*, 668 P.2d 1126 (Okl.Cr. 1983), and by pursuing at length cross-examination and examination of witnesses on the same subjects, *Allen v. State*, 611 P.2d 254 (Okl.Cr.1980).

Appellant's final assignment of error is that the trial court erred in failing to give his requested handwritten instruction as follows:

A burglary is still in progress when a defendant is fleeing from the scene of the burglary, or when he intends to pick up property or persons left behind at the scene.

■ Error in the trial court's instructions to the jury are to be judged on the basis of whether they as a whole fairly and adequately state the applicable law, instructions being a matter within the trial court's discretion. *Nunley v. State*, 660 P.2d 1052 (Okl.Cr.1983).

■ The trial court instructed the jury of premeditated first degree murder, second

degree felony-murder, second degree depraved-act murder, and manslaughter in the first degree, following verbatim the uniform instructions. The instruction requested by appellant is not an accurate statement of the law in this jurisdiction. 21 O.S.1981, § 1435. The uniform instruction given in this case defining burglary, the predicate felony for the felony-murder instruction, states that this crime includes the following elements:

1) Breaking;
2) Entering;
3) A building;
4) Of another;
5) In which property is kept;
6) With the intent to steal.

The instruction appellant requested is contradictory to this instruction and is confusing.

The uniform instructions do contain an accurate definition for felony-murder of when an act is "in the commission" of a felony. OUJI–CR No. 431. We find the instructions given fairly and adequately stated the applicable law, and that there was no abuse of the trial court's discretion in refusing to give the requested instruction.

Finding no error warranting reversal or modification, the judgment and sentence is AFFIRMED.

BRETT, J., concurs.

PARKS, P.J., concurs in results.