**Calvin Roger WATKINS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–84–171.**

Court of Criminal Appeals of Oklahoma.

April 25, 1986.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Calvin Roger Watkins, a/k/a, Calvin Rodger Watkins, a/k/a Roger Norman Hilbert, was convicted of two counts of Unlawful Delivery of Controlled Drugs, After Former Conviction of a Felony, in Texas County District Court, Case No. CRF–83–79, and was sentenced to twenty (20) years' imprisonment to run consecutively on each of the two counts. From his judgments and sentences, he appeals.

As his sole assignment of error, appellant argues that the jury imposed an excessive sentence because they were so inflamed by a reference to appellant's having been involved in other criminal activity[1] that the trial court's admonishment[2] did not erase the prejudice. We cannot agree. The trial court's admonishment to

---

1. A state witness made the following reference to appellant's having been involved in other criminal activity:

    Q. On those occasions [that you went to appellant's house] were [sic] there any criminal activity you felt you should record in relation to this defendant?
    A. Yes, there was.
    Q. Did you make notes of those?
    A. Yes.
    Q. In relation to this defendant?
    A. In relation to this defendant there was another.

    MR. BORING: Your Honor, may we approach the bench?
    THE COURT: I think you should.

2. The admonishment given by the trial court, in pertinent part, was as follows:

    THE COURT: Ladies and gentlemen of the jury, a question or two has been made to the witness by Mr. Wood with those answers suggested there might have been some other impropriety. At this time it is improper for you to consider it. At this time the defendant is being tried on the two charges. You are not to consider the testimony he just said about

the jury not to consider the remarks of counsel, or a witness, usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr. 1973). The record reveals that the appellant admitted that he manufactured a controlled dangerous substance by mixing an amphetamine, known as a "Black Molly," with hydrocloric acid and Vicks inhalers; he admitted that on two separate occasions he sold this substance, determined by chemical tests to be methamphetamine, to Owen Bradley, an undercover deputy sheriff for the Texas County Sheriff's Office, whose testimony corroborated the fact that there were two such drug sales; and he admitted having been previously convicted of a felony. Considering this overwhelming evidence of the appellant's guilt, together with having reviewed the fleeting comment complained of, this Court finds that it neither prejudiced the jury nor affected the sentence imposed; and we find that the trial court's thorough admonishment cured any error which may have occurred. Moreover, this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. *Failes v. State*, 589 P.2d 1080 (Okl.Cr.1979). In light of the overwhelming evidence of guilt, we cannot say that the twenty (20) year sentences, to run consecutively, for felonies committed after former conviction of a felony is so excessive as to shock the conscience of this Court since it is within the limits provided by statute. See, 21 O.S.1981, § 51(A)(1), and 63 O.S.1981, § 2-401.

For the above reasons, the judgments and sentences appealed from are AF-FIRMED.

BRETT, J., concurs.

PARKS, P.J., concurs in part, dissents in part.

PARKS, Judge, concurring in part, dissenting in part.

I concur in the results of this case except for the treatment of the comments made by District Attorney Don Wood set forth in the opinion by Judge Bussey in footnote 1.

It is clear that this line of questioning was an attempt to reveal to the jury evidence of other improper acts or other crimes allegedly committed by the appellant, clearly in an effort to inflame or prejudice the jury. They are in no way "fleeting" comments, but were calculated to circumvent the rules of evidence and proper trial conduct. This type of questioning is patently improper, and could have caused reversal had the trial court not properly admonished the jury to disregard it.

So prejudicial were the District Attorney's remarks that I would find the sentence imposed excessive because of the prejudicial impact of the questioning. I would reduce the sentence to fifteen (15) years for each count to run concurrently.

other improprieties. You are not to consider that at all in your deliberations for any purpose. No purpose. You have to erase that from your minds. Is there anyone who feels

they can't erase that from your mind, raise your hand. Mr. Wood, you may continue. The record will reflect no juror raised her or his hand.