**Ronald Wayne GRIDER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-86-163.**

Court of Criminal Appeals of Oklahoma.

May 26, 1987.

Tom Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

Ronald Wayne Grider, the appellant, was tried for the crime of Escape from a Penal Institution (21 O.S.Supp.1985, § 443) in the District Court of Cleveland County, Case No. CRF-85-817. The jury returned a verdict of guilty and set punishment at four (4) years' imprisonment. On appeal, we affirm.

On June 28, 1985, the appellant was serving a four-year sentence (of which three years were suspended) for possession of a controlled dangerous substance with intent to distribute when he escaped from the Lexington Correctional Center. On July 3, 1985, the appellant was arrested in Stratford, Oklahoma, and was returned to the Lexington Correctional Center.

Prior to the trial that is the subject of this appeal, the appellant appeared before a disciplinary committee of the Lexington Regional Treatment Center. He received a punishment of 45 days lock-up and lost approximately 270 days of "good time". The appellant argues that imposition of disciplinary penalties by prison authorities in addition to the punishment for a conviction of escape violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and Oklahoma's statutory prohibition against double jeopardy.

This Court has for many years held that administrative punishment imposed by prison officials does not render a subsequent judicial proceeding violative of prohibitions against double jeopardy. *DeRonde v. State*, 715 P.2d 84 (Okl.Cr.1986). We are unpersuaded by counsel's arguments that our position should change. This assignment of error is without merit.

In his only other assignment of error, the appellant alleges that the trial court erred in refusing to instruct the jury on duress as a defense to escape. The

appellant testified that he had escaped because three other inmates had threatened to rape and stab him. He said that he had told a case worker of the threats and was told nothing could be done. He said he was trying to get in touch with his father to turn himself in when he was recognized and captured. On cross-examination, he admitted that he had not told any officers with the Department of Corrections that he was in fear for his life. The police officer who arrested him testified that the appellant gave a false name when asked for identification.

The question of whether an escapee is entitled to an instruction on duress as a defense has been raised by several others convicted of escape. *See Nichols v. State,* 564 P.2d 667 (Okl.Cr.1977); *Grubb v. State,* 533 P.2d 988 (Okl.Cr.1975); *Chester v. State,* 485 P.2d 1065 (Okl.Cr.1971). As was true in each of those cases, this Court finds that, although a duress instruction might be appropriate in a proper fact situation, the facts of the instant case did not merit one. The trial court did not err.

Nor did the trial court err in specifically instructing the jury that duress was not a defense. A similar instruction was approved by this Court under similar circumstances in *Grubb v. State,* 533 P.2d 988, 990–91 (Okl.Cr.1978).

The judgment and sentence is affirmed.

BUSSEY and PARKS, JJ., concur.