**Floyd August DAVIS, Jr., Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–56.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Teresa Lynette Parrish, Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Floyd August Davis, Jr., was convicted in the District Court of Cleveland County, Case No. CRF–84–589 of the crime of Escape from a Penal Institution in violation of 21 O.S.Supp.1983, § 443. He was sentenced to a term of six (6) years' imprisonment, and appeals.

At approximately 4:00 a.m., the morning of May 16, 1984, the appellant and two other inmates at the Joseph Harp Correctional Facility were reported missing from their assigned cells. A search was begun immediately and all surrounding law enforcement agencies were notified. Guards

discovered that a three-foot hole had been cut in a portion of the outer fence and focused their immediate search to that area. Bloodhounds were called in; the appellant and one other inmate were "treed" approximately four miles away, just after sunrise.

Just prior to trial, the appellant made known his intention to rely on the defense of duress to his Escape charges. Because the duress the appellant referred to was perceived conditions and alleged threats made while he was incarcerated, the trial court sustained a State's motion in limine, preventing the appellant from raising this as an affirmative defense.[1] The appellant argues, in his first assignment, that it was reversible error for the trial court to prevent him from using duress as a defense to his Escape charge.

This Court has addressed this precise issue many times. We think it is settled law that duress is not a defense to Escape in this jurisdiction. See: Grider v. State, 737 P.2d 1227 (Okl.Cr.1987); Nichols v. State, 564 P.2d 667 (Okl.Cr.1977); Chester v. State, 485 P.2d 1065 (Okl.Cr.1971). The only qualification of this rule was stated in Chester, where we said that given the proper fact situation, an instruction to the jury telling them that duress was a valid defense to escape could be proper, but that

"the contemplation of such an eventuality strains the imagination...." Id. at 1067. Here, contemplation of the requested instruction, based on these facts, also strains the imagination. The record is silent as to what other protective measures the appellant may, or may not, have attempted. At the time of his arrest, he was still attempting to avoid detection and complete his escape, rather than surrender to outside authorities.

 There is absolutely nothing in this record to suggest that the appellant was under any compulsion other than his desire to escape confinement.[2] The fact that other inmates had threatened the appellant with violence or that prison conditions are less than pleasant has never been, and is not now, a defense to Escape. See Grider v. State, supra, Nichols v. State, supra; Boone v. State, 642 P.2d 270 (Okl.Cr.1982).

As his next assignment, the appellant argues that the trial court committed reversible error in giving a "presumed intent" instruction to the jury.[3] Here, the appellant focuses on a single, out of context, sentence in instruction number 5; while choosing to ignore the next instruction directing the jury to enter a finding of "not guilty" if there exists a reasonable doubt in their minds that all of the ele-

1. The court's ruling was limited to the use of duress as a defense. The appellant was still allowed, and in fact encouraged, to use duress for the purpose of mitigating punishment, yet he refused to do so. This choice was contrary to both the advice of trial counsel and suggestion of the trial judge.

2. We note that the absence of any such evidence in the record is plainly due to the defendant's choice in not presenting any defense once he received an adverse ruling on the issue of his desired theory. See note 1, supra. A criminal defendant who knowingly refuses to put on evidence in mitigation of punishment may not complain on appeal that he was denied a fair trial because that evidence was not presented.

3. The instruction at issue is contained in the emphasised portion of paragraph 4 in instruction # 4 reprinted in its entirety:

The burden is on the State to provide believable evidence justifying an affirmative finding beyond reasonable doubt to each of the following questions:

1. Was the defendant, FLOYD AUGUST DAVIS, JR., LAWFULLY CONFINED AT THE Joseph Harp Correctional Center, on or about the 16th day of May, 1984, in connection with Woods County District Court Case No. 1313 and 1319?
2. Was Joseph Harp Correctional Facility located in Cleveland County, Oklahoma?
3. Did the defendant voluntarily leave that institution on or about the 16th day of May, 1984?
4. Did he leave intentionally, knowing what he was doing and that it was wrong? IN THIS REGARD, YOU SHOULD BEAR IN MIND THE LEGAL PRESUMPTION THAT ONE INTENDS THE OBVIOUS AND NATURAL CONSEQUENCES OF HIS ACTS UNTIL SUCH TIME AS THE CONTRARY IS SHOWN.
If you find and believe beyond a reasonable doubt from your consideration of the evidence, under the instructions, that each question should be answered "yes" then you should find the defendant guilty and fix his punishment and so state by your verdict. (Emphasis added).

ments of the crime charged have been proven. Further, the jury was specifically instructed that the appellant was presumed innocent of the crime charged; that it was the State's burden to prove otherwise, and that the jury *must* find him not guilty if the State failed to meet its burden.

██ We have repeatedly held that the test in reviewing instructions for fundamental error is whether, considering the instruction as a whole, that instruction fairly and accurately states the applicable law. *Rowell v. State,* 699 P.2d 651 (Okl.Cr.1985). We will then look to see if all of the instructions, in their entirety, fairly and accurately state the applicable law. *See e.g., DeVooght v. State,* 722 P.2d 705 (Okl.Cr. 1986); *Melvin v. State,* 706 P.2d 163 (Okl. Cr.1985) cert. den. 475 U.S. 1027, 106 S.Ct. 1225, 89 L.Ed.2d 335 (1986). Both tests are satisfied here and the appellant's second assignment of error is, therefore, without merit.

██ In the appellant's third assignment of error, he argues that he received an excessive sentence. In reviewing a claim that a sentence is excessive, we will look to all of the facts and circumstances of the case and make a determination as to whether or not the sentence shocks the conscience of this Court. *See e.g., Clark v. State,* 678 P.2d 1191 (Okl.Cr.1984); *Edwards v. State,* 663 P.2d 1233 (Okl.Cr. 1983). Otherwise, we will not modify a sentence that is within the limits set by the legislature. *See also Watkins v. State,* 717 P.2d 1159 (Okl.Cr.1986); *Failes v. State,* 589 P.2d 1080 (Okl.Cr.1979). The sentence in this case does not shock our conscience and is within the statutory limits. Therefore, we are without the power to modify. This assignment of error must fail.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., dissents.

PARKS, Judge, dissenting:

I respectfully dissent to the majority's holding that "it is settled law that duress is not a defense to escape in this jurisdiction." *Majority,* at 110. In the most recent case cited by the majority, this Court expressly held that "although a duress instruction might be appropriate in a proper fact situation, the facts of the instant case did not merit one." *Grider v. State,* 737 P.2d 1227, 1228 (Okla.Crim.App.1987).

The defense of duress is recognized in three Oklahoma statutes. *See* 21 O.S.1981, §§ 152(7), 155, 156. "[T]he statutory language places no restriction on the kinds of crimes for which the defense of duress is available." *Oklahoma Uniform Jury Instructions–Criminal* at 253 (1980) (Commission Comment to OUJI–CR 717). While "duress should have no application to the *intentional* taking of an innocent life by the threatened person," a majority of this Court has held that the defense of duress may be applicable to a charge of felony-murder. *Tully v. State,* 730 P.2d 1206, 1210 (Okla.Crim.App.1986) (emphasis in original). It has previously been recognized in Oklahoma that an instruction on duress as a defense to escape "would be appropriate under a proper fact situation." *Chester v. State,* 485 P.2d 1065, 1067 (Okla. Crim.App.1971). However, I have found no Oklahoma case clearly setting forth what constitutes a "proper fact situation" establishing the defense of duress as it relates to escape.

I would adopt the holding of the Ninth Circuit Court of Appeals that in order to establish a *prima facie* case for a defense of duress to the crime of escape, a defendant must show: (1) that the threat and fear which the threat caused were immediate and involved death or serious bodily injury; (2) that the fear was well-grounded; (3) that there was no reasonable opportunity to avoid or escape the threatened harm; and (4) that the defendant submitted to proper authorities after attaining a position of safety. *United States v. Peltier,* 693 F.2d 96, 98 (9th Cir.1982). *Compare Shannon v. United States,* 76 F.2d 490, 493 (10th Cir.1935).

The United States Supreme Court has held that "in the context of prison escape,

the escapee is not entitled to claim a defense of duress or necessity unless and until he demonstrates that, given the imminence of the threat, [escape] was his only reasonable alternative." *United States v. Bailey*, 444 U.S. 394, 410–11, 100 S.Ct. 624, 635, 62 L.Ed.2d 575 (1980). "We ... hold that, where a criminal defendant is charged with escape and claims that he is entitled to an instruction on the theory of duress or necessity, he must proffer evidence of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." *Id.* at 415, 100 S.Ct. at 637. "[I]t is essential that the testimony given or proffered meet a minimum standard as to each element of the defense so that, if a jury finds it to be true, it would support an affirmative defense—here that of duress or necessity." *Id.* "If, as we here hold, an affirmative defense consists of several elements and testimony supporting one element is insufficient to sustain it even if believed, the trial court and jury need not be burdened with testimony supporting other elements of the defense." *Id.* at 416, 100 S.Ct. at 638.

Here, the State filed a pretrial motion in limine, citing *Jones v. State*, 556 P.2d 1060, 1062 (Okla.Crim.App.1976), requesting the trial court to prohibit all parties and witnesses from commenting on or testifying to "the physical, health, security, or safety condition allegedly present within the Joseph Harp Correctional Center ... on the date of the escape charged in this matter, and prior to that date," because "the fact that the defendant might have been in fear of his personal safety being a matter which is not a defense nor which may be offered in mitigation of punishment." (O.R. B8) Prior to the State's case in chief, defense counsel was not arguing the right to present a defense of duress, but only sought to introduce such evidence in mitigation of punishment. (Tr. 35) The trial judge sustained the motion in limine insofar as it precluded appellant from raising duress as a defense, but held that appellant would be allowed to testify to such matters in mitigation, if he so desired. (Tr. 73)

After the State rested, however, defense counsel stated:

MR. CHESNUTT: Now, since this case has been commenced, the defendant has been following the Motion in Limine with his counsel. And he believes based upon some Federal statutory and case law that he is aware of by reason of his time to review these matters inside the penal system with a law library, that in his opinion, the escape from a penal institution, at least for a limited time to get away from adverse circumstances and impossible living conditions or threats on his life until a time when he is safe and can call the authorities, a defense does exist for a person to escape and is a successful defense to a voluntary intentional departure.

... [H]e is aware that the Court has indicated ... that the State's Motion in Limine has been sustained in part in that the fear of his personal safety is not going to be permitted to be a defense ... [but that] the defendant has the opportunity to offer testimony in mitigation of punishment based upon fear of his personal safety or circumstances in the penal facility.

The defendant is interested in preserving his fear of his personal safety as a defense. And because of that he is not interested in offering it in mitigation of punishment or taking the stand and seeking to reduce the possible punishment....

I have advised the defendant that taking the stand in order to offer testimony in mitigation of punishment after the Court has ruled is not a waiver of his right to appeal the Court's ruling on the personal safety being a matter which is not a defense....

He understands it is my professional opinion we should offer some evidence in mitigation and punishment since the Court has only sustained the Motion in Limine in part still preserving our error on the defense. But Mr. Davis ... has elected to remain silent.

(Tr. 83–85)

The above quoted portions of the trial transcript show that the trial court's ruling

on the State's motion in limine effectively precluded appellant from presenting evidence in support of a duress defense. For this reason, the question is *not* whether appellant presented evidence establishing a *prima facie* case of duress so as to justify an instruction on his defense theory. *See Denson v. State*, 481 P.2d 190, 191 (Okla. Crim.App.1970) (while defendant is entitled to instructions on the law as to his theory of defense if there is any evidence tending to support said theory, the trial court did not commit reversible error in failing to instruct on duress defense where defendant's testimony did not support duress defense). The fact that the State's evidence may have discredited appellant's claim of duress is not dispositive. *See Broaddrick v. State*, 706 P.2d 534, 536 (Okla.Crim.App. 1985) (a defendant is entitled, as a matter of law, to have the jury instructed on the law governing his theory of the case if it finds possible support in the evidence, even if the evidence is discredited).

The critical question here, as urged by appellate counsel, is whether appellant was improperly prevented from even raising the defense of duress. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S.Ct. 1038, 1045, 35 L.Ed.2d 297 (1973). Having carefully reviewed the record in this case, I am compelled to conclude that appellant was deprived of a "fair opportunity to defend against the State's accusations." For these reasons, I would reverse and remand for a new trial.