45 F.3d 440
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Calvin Rodger WATKINS, Petitioner-Appellant,
v.
Dan REYNOLDS; Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6223.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the right to appeal in forma pauperis and a certificate of probable cause in order to reach the merits of the case.
 
 
 2
 Calvin Rodger Watkins, a state prisoner, appeals from a judgment denying his 28 U.S.C. 2254 petition for a writ of habeas corpus. Petitioner is serving two consecutive twenty-year state court sentences for unlawful delivery of controlled substances after former conviction of a felony. In his direct appeal from those convictions he argued only that he received an excessive sentence because of prosecutorial misconduct. Watkins v. State, 717 P.2d 1159 (Okla.Crim.1986). The convictions were affirmed. Two later petitions for state postconviction relief were denied and the denials affirmed by the Oklahoma Court of Criminal Appeals.
 
 
 3
 Petitioner asserts nine grounds for relief in this, his second,[2] 2254 petition: (1)lack of evidence, (2)entrapment, (3)ineffective assistance of counsel, (4)excessive sentence that constitutes cruel and unusual punishment, (5)prosecutorial misconduct, (6)conspiracy to misuse the legal system to steal federal and personal property from petitioner, (7)state court failure to adhere to statutory postconviction procedures, (8)false imprisonment, and (9)withholding of evidence by the prosecutor. The magistrate judge concluded that petitioner procedurally defaulted issues 1, 2, 3, 7, 8, and 9. After applying the cause and prejudice analysis of Coleman v. Thompson, 111 S.Ct. 2546 (1991), the magistrate judge addressed the merits of claims four and five which were encompassed in petitioner's direct appeal, and issue six which it correctly found was an inappropriate issue in petitioner's challenge to his own conviction and sentence.[3]
 
 
 4
 Despite the procedural default finding on issue three--ineffective assistance of counsel--the court addressed the competency of trial and appeal counsel on the merits. Our rule is that in the usual situation the constitutional adequacy of counsel is appropriately raised first in a collateral attack, Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir.1991), and we are satisfied that the magistrate judge's analysis is correct. We cannot add significantly to the analysis on these issues in the magistrate judge's recommendation of March 30, 1994, which was adopted by the district court.
 
 
 5
 Whenever a federal habeas petition challenges the sufficiency of the evidence to support the conviction, the Supreme Court has admonished, in Jackson v. Virginia, 443 U.S. 307, 318-19 (1979), that the federal court should assure itself that a reasonable jury could have found guilt on the basis of the evidence produced. Petitioner has not supplied us with the transcript of his trial. But the only basis he asserts for the insufficiency of the evidence is his own statement that "[t]he drug tested was said to contain D and DL anphetimine [sic] which ... is not present in methanphetimine [sic] at all." Petition for a Writ of Habeas Corpus at 6. The opinion of the Oklahoma Court of Criminal Appeals affirming his conviction stated:
 
 
 6
 The record reveals that the appellant admitted that he manufactured a controlled dangerous substance by mixing an amphetamine, known as a "Black Molly," with hydrocloric acid and Vicks inhalers; he admitted that on two separate occasions he sold this substance, determined by chemical tests to be methamphetamine, to Owen Bradley, an undercover deputy sheriff for the Texas County Sheriff's Office, whose testimony corroborated the fact that there were two such drug sales; and he admitted having been previously convicted of a felony.
 
 
 7
 Watkins, 717 P.2d at 1161. In the absence of something more than petitioner has presented the conviction passes the test of Jackson v. Virginia.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Petitioner's first 2254 petition was dismissed without prejudice by the district court for failure to exhaust his state court remedies. After petitioner exhausted those state remedies, he applied to this court for mandamus relief. We denied relief, pointing out that petitioner had the option to file another 2254 petition. See Watkins v. U.S. District Court, No. 93-600 (10th Cir. Aug.27, 1993)
 
 
 [3]
 With respect to issue six, petitioner alleges he is an undercover U.S. agent who knew key nuclear information. He also asserts that he is a Russian soldier (though he cannot speak Russian), a double agent, and in effect a prisoner of war. He also says he was a South African and also a British mercenary. These claims have no relevancy to whether he sold methamphetamine in Oklahoma